118 So.2d 2 (1960)
FLORIDA SILICA SAND CO., Inc., and Liberty Mutual Insurance Co., Petitioners,
v.
Irving M. PARKER and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
February 12, 1960.
*3 Blackwell, Walker & Gray, Miami, for petitioners.
David C. Goldman, Miami, for Irving M. Parker.
Burnis T. Coleman and Paul E. Speh, Tallahassee, for Florida Industrial Commission, respondents.
THORNAL, Justice.
Petitioners seek review of an order of the Florida Industrial Commission which affirmed an order of a deputy commissioner awarding workmen's compensation benefits to the respondent, Parker.
The principle point to be disposed of is whether the award of a fee for Parker's attorney was excessive.
Respondent Parker suffered an injury as a result of an industrial accident. After extensive hearings the deputy commissioner concluded that Parker was permanently and totally disabled as a result of the injuries. He awarded compensation accordingly. The deputy commissioner awarded to the attorney for the claimant a fee of $7,000. On review the full Industrial Commission affirmed the finding of permanent total disability and approved the award of benefits on that basis. The full commission, however, was of the view that the $7,000 fee was excessive. It reduced the fee to $4,500. In all other respects the compensation order of the deputy was approved. We are now requested to review the order of the full commission.
Petitioners contend that the finding of permanent total disability was not supported by competent substantial evidence that comports with logic and reason. They contend further that the award of the attorney's fee, even as fixed by the full commission, was excessive.
Respondents contend that the finding as to disability was adequately supported by sufficient evidence and that the ultimate amount of the attorney's fee, as fixed by the full commission, was reasonable.
A careful examination of the record leads us to the conclusion that the finding of the deputy regarding the permanent total disability of the employee Parker, was *4 adequately supported by competent substantial evidence that accords with logic and reason. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. In view of this conclusion we see no helpful result that would follow a delineation of the details of the evidence. Whether we would have found exactly as the deputy found is not the measure of our appellate responsibility. In arriving at the conclusion we reached it is apparent to us that the deputy was adequately supported by the evidence in accord with the rule of the case last cited.
The attorney's fee award causes us more concern. We are not here prepared to announce the view that the amount fixed by the full commission we excessive. This is so because the record fails to include any evidence by which we could measure the reasonableness of the fee. However, the amount of the fee is at least unusual. We therefore deem it appropriate to employ the instant order as a basis for announcing certain minimum rules which we think should be used as guides in fixing attorneys' fees in matters of this kind.
Section 440.34, Florida Statutes, F.S.A. is somewhat unusual in that at the time of its enactment it was one of the few clearcut statutory provisions for attorneys' fees in workmen's compensation matters. In principle, especially in this type of matter fees should be carefully considered so that on the one hand they will not be so low as to lack attraction for capable and experienced lawyers to represent workmen's compensation claimants. On the other hand, they should not be so high as to reflect adversely on the profession or in actuality to enter disproportionately into the cost of maintaining the workmen's compensation program. Larson, Workmen's Compensation Law, Volume 2, Section 83.
We have held that the burden to establish attorneys' fees is always on the claimant. Balatsos v. Nebraska Ave. Cafe and Liquor Store, 159 Fla. 71, 30 So.2d 633. The statute, of course, authorizes the award of a fee under circumstances thereby defined. Section 440.34, Florida Statutes, F.S.A. Nevertheless, it remains the burden of the claimant to establish the circumstances that justify the award, as well as to prove the reasonableness of the fee to be awarded.
A safe guide in fixing the amount of fees to be awarded to an attorney is couched in the provisions of Canon 12, of the Rules of Ethics Governing Attorneys, 31 F.S.A.
In fixing the amount of a fee absent a specific contract, a court, and in this instance a properly empowered administrative agency, is without authority to measure an attorney's fee except on the basis of the quantum meruit, or a quid pro quo. Lucom v. Atlantic National Bank of West Palm Beach, Fla., 97 So.2d 478. Consequently, without some adequate evidence of the value of a lawyer's services in a particular matter, it would seem to us to be well nigh impossible to fix the amount of a fee deemed to be reasonable.
We do not, of course, disregard the background of experience of the Court or agency fixing the fee. We are aware of the fact that the record in the matter is also available and that this record gives some indication of the work done and services rendered. However, other elements enter into the amount of the ultimate award. In fairness to the lawyer, and to the one ultimately charged with the fee, it would seem that the court or the agency making the award should have the benefit of some appropriate evidence as to the reasonable amount of the fee based on the value of the services rendered.
If the parties are unable to stipulate on an amount deemed to be reasonable it is appropriate that evidence as to amount be obtained either by deposition or by affidavit of qualified and experienced lawyers. In recent cases we have delineated our views on the necessity of evidence of this kind to support a judgment awarding fees for attorneys, executors, and receivers. Only *5 useless repetition would be served by repeating here the rules announced in those decisions. We think it unnecessary to do so. A reference to the cases should be sufficient. Substantially the same rules apply here. See Lewis v. Gramil Corp., Fla., 94 So.2d 174; In re Lieber's Estate, Fla., 103 So.2d 192.
In the cases last cited we pointed out the fallacy of relying entirely upon the cold record in fixing the fee. We emphasized the necessity of some evidence in the record to reflect the reasonable value of the services rendered, as well as the customary charges for such services in the community where they were rendered.
We think the rules above announced are equally applicable to workmen's compensation matters. We understand that the respondent Florida Industrial Commission has promulgated a minimum schedule of fees to be used as a guide by the deputy commissioners. Such a schedule is helpful but is not conclusive. Innumerable economic factors enter into the fixing of reasonable fees in one section of the State and in one community which might not be present in others. In addition to the minimum schedule it appears to us that supplemental evidence should be presented.
In the instant case the deputy commissioner awarded a fee of $7,000. On review the full commission reduced this amount to $4,500. There is no evidence of any kind in the record to guide us, or for that matter, to have furnished any basis for the amount of the award fixed by the deputy or to justify its reduction by the full commission. In view of what we have above announced we think it proper that this matter be referred back to the deputy for the purpose of fixing a reasonable fee to be awarded the attorney for the claimant in the light of such evidence as might be submitted on this aspect of the claim.
That portion of the order of the full commission which fixed the amount of the attorney's fee to be awarded to the attorney for respondent Parker, is hereby quashed and the cause is remanded to the full commission with directions to reverse the order of the deputy commissioner fixing the amount of such fee and with further directions to the deputy to make additional findings as to the amount of a reasonable fee on the basis of evidence to be submitted in accordance with this opinion. In other respects the writ of certiorari is denied.
It is so ordered.
TERRELL, Acting C.J., and HOBSON, DREW and O'CONNELL, JJ.,