ROBERTS, Justice.
The employer and its carrier have brought here for review on certiorari an order of the Florida Industrial Commission which affirmed the Deputy Commissioner’s *564 award of compensation to claimant-respondent for permanent total disability, with an advance lump sum payment of $3,000 and an attorney’s fee of $2,500.
Claimant received a back injury in 1954 and by order dated July, 1955, was awarded compensation for 25 per cent permanent partial disability. Pursuant to petitions for modification, in November, 1956, a modified award was entered awarding compensation for 40 per cent permanent partial disability; in April, 1958, this was changed to 80% permanent partial disability; and finally, on June 23, 1959, the instant award for total permanent disability was entered.
The petitioners contend that the evidence adduced at the hearing on petition for modification does not sustain a finding of change in condition, or mistake in the determination of fact, subsequent to the previous finding, on April 7, 1958, of 80% permanent partial disability (F.S. Sec. 440.28, F.S.A.) ; that testimony of a medical witness for carrier was improperly limited; that the order erroneously requires payment of costs of examination by claimant’s physician and "other outstanding medical bills for treatment of the claimant in respect to this claim,” in the absence of compliance with F.S.A. § 440.13, F.S.A.; that the order erroneously requires payment of a lump sum in the amount of $3,000, to be deducted from the end of the permanent disability benefits (700 weeks) without security or specific statement of the statutory discount; and that the fee of $2,500 allowed claimant’s counsel was excessive, absent any evidence in the record to sustain the measure of reasonable compensation.
 On the latter two points, current decisions of this Court clearly require that the cause be remanded for further proceedings as to counsel fees, under the principles outlined in Florida Silica Sand Co. Inc., v. Parker, Fla., 118 So.2d 2, and that the lump sum award be quashed for lack of authority in the statutory provisions governing claims arising at the time in question. See Sullivan v. Mayo, et al., Fla., 121 So.2d 424, holding that substantive rights to advance payments of compensation or the power to make such awards, in claims arising prior to July 1, 1959, the effective date of F.S. Sec. 440.20(10), F.S.A., must be governed by Chapter 29778, Laws of Florida, 1955, which did not permit the partial prepayment contemplated in the order under consideration.
The remaining issues, however, must in our opinion be resolved in favor of respondents. Upon a careful consideration of the record and necessary inferences therefrom we conclude that the finding of permanent total disability is adequately supported by the evidence in accord with the established rule in such cases. Port Everglades Terminal Co., Inc., et al. v. Canty, Fla., 120 So.2d 596; United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741; International Minerals & Chemimal Corp. v. Tucker, Fla., 55 So.2d 720. A delineation of the factual details herein is not necessary, but in the aggregate, we think the evidence of an increase to 80% functional disability of claimant’s body as a whole, together with employment records and related testimony, meets the test for total disability referred to in the Port Everglades case first above cited, including the absence of a reasonably stable market for any services claimant might be able to perform.
Medical costs, so far as can be determined from the record before us, were properly allowed under F.S. Section 440.34(2), F.S.A.
Those portions of the Commission’s order affirming the deputy’s award of attorney’s fees and providing for partial lump sum payment are accordingly quashed, and the cause remanded to the Commission with directions to reverse the order in these respects and require additional findings on the basis of evidence to be submitted in accordance with this opinion. In other respects the Commission’s order is sustained.
It is so ordered.
*565 THOMAS, C. J., and DREW and TPIORNAL, JJ., concur.
O’CONNELL, J., dissents in part and concurs in part.