PER CURIAM.
The petitioners, employer and carrier, ask us to quash an order of the Florida Industrial Commission awarding workmen’s compensation, witness fees and attorney’s fees to the respondent Goldstein, because of an industrial accident. A thorough consideration of the records and briefs leads us to the conclusion that the order of the deputy commissioner determining the extent of disability, fixing the amount of compensation, and awarding expert witness fees was supported by competent, substantial evidence, and that the order of the Florida Industrial Commission affirming the deputy in these respects is without error. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
The award of the deputy commissioner fixing the amount of attorney’s fees to be paid to the attorney for the employee and the order of the full commission affirming this award are without evidentiary support in the record and to this extent the order of the full commission must be quashed and the cause remanded to the deputy to receive evidence and fix an award of attorney’s fees in accord with our opinion in Florida Silica Sand Co. et al. v. Parker, Fla. 1960, 118 So.2d 2.
*790 To the extent that the order of the respondent commission affirms the order of the deputy commissioner awarding attorney’s fees to the attorney for the employee Goldstein, said order is quashed and the cause should be remanded to the deputy for further proceedings in accordance herewith. In other respects the writ of certi-orari is denied.
It is so ordered.
THOMAS, C. J., ROBERTS, THOR-NAL and O’CONNELL, JJ., and WHITE, Circuit Judge, concur.