127 So.2d 448 (1961)
Robert L. WIEDMAN, Petitioner,
v.
DARYL PRODUCTS CORPORATION, Fidelity & Casualty Company of New York and Florida Industrial Commission, Respondents.
Supreme Court of Florida.
February 22, 1961.
Danton V. Ferrero, Miami, for petitioner.
Leo M. Alpert, Miami, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
DREW, Justice.
Petitioner Robert L. Wiedman seeks review of an order of the full commission dated July 15, 1960 reversing an order of the deputy commissioner dated January 22, *449 1960 awarding petitioner claimant fifty per cent permanent partial disability of the body as a whole. In the same order reversing the deputy commissioner, the full commission included as part thereof the following mandate:
"Ordered that said Order of the Deputy Commissioner dated January 22, 1960, be and the same is hereby reversed and said claim for compensation in excess of that of 30 per cent permanent partial disability of the body as a whole be and the same is hereby dismissed."
Claimant sustained an injury to his back while working as an assembler of aluminum and glass shower and patio doors. The claim was not controverted and payments of compensation were initiated and other workmen's compensation benefits furnished. In August of 1957 claimant underwent a myelogram which indicated a defect between the 4th and 5th lumbar vertebrae. A laminectomy was performed and the protruding disc was removed. Further physical therapy was given to claimant following the surgery. He still complained of pain and another myelogram was performed and again it was indicated that a defect existed between the 4th and 5th lumbar vertebrae. In December of 1957 additional disc material was removed and a spinal fusion performed. On June 26, 1958, claimant was discharged by the attending physicians as having reached maximum medical improvement and was rated as having a 30 per cent permanent partial disability of the body as a whole. Claimant, being dissatisfied with the rating of 30 per cent permanent partial disability of the body as a whole, compensation for which the carrier was voluntarily paying, filed a claim for a greater percentage of permanent partial disability. After hearings on the claim the deputy commissioner, on January 22, 1960, entered an order finding claimant to have sustained a 50 per cent permanent partial disability of the body as a whole, based upon claimant's diminution of earning capacity.
The immediate question that is before us, therefore, is the effect of an order of a deputy commissioner which is reversed with a subsequent conjunctive finding on the part of the full commission allowing a claim for permanent partial disability compensation not in excess of 30 per cent of the body as a whole.
Section 440.25(4) (d), Florida Statutes, F.S.A., a part of the Workmen's Compensation Act of the State of Florida, defines the activity of the full commission in these matters as follows:
"(d) Unless the application for review is withdrawn with its permission or is dismissed as aforesaid, the commission shall consider the matter upon the record as certified by the deputy commissioner, and shall thereafter affirm, reverse or modify said compensation order, or remand the claim for further proceedings before a deputy commissioner, who shall proceed as the full commission may direct. The order of the full commission shall be filed in the office of the commission at Tallahassee, and a copy of such order shall be sent by registered or certified mail to each interested party at his last known address. The order of the full commission shall become final upon expiration of the period within which any interested party may file a petition for writ of certiorari requesting review of such order by the supreme court unless within said time any interested party shall file a petition for writ of certiorari in accordance with § 440.27." (Italics ours.)
The order of the full commission reversing the order of the deputy commissioner and adjudging "and said claim for compensation in excess of that of 30% permanent partial disability of the body as a whole be and the same is hereby dismissed" is shrouded in ambiguity.
In the first instance the order of the deputy commissioner is reversed. There *450 is no ambiguity in that regard as a reversal is a finality. The additional verbage subsequent to the reversal constitutes a mere brutum fulmen authorized neither by the direct mandate of § 440.25(4) (d) nor by any implication arising out of the theory of statutory construction.
In the second instance, the full commission authorizes a "claim" for compensation not in excess of 30 per cent permanent partial disability of the body as a whole by stating:
"* * * Inasmuch as the employer and carrier are voluntarily paying claimant compensation for a 30 per cent loss of use of the body as a whole, and there is no competent evidence to sustain a finding that the claimant has sustained a diminution of earning capacity to the extent of 50 per cent, the Order of the Deputy Commissioner should be reversed and the claim for a greater degree of disability above that of 30 per cent of the body as a whole should be dismissed."
On the basis of its otherwise invalid order, the full commission is endeavoring to make its own finding that the claimant is disabled, not to the extent of 50 per cent as found by the deputy commissioner, but 30 per cent for which the employee claimant has the right to maintain a claim.
The full commission, while it has the statutory obligation to affirm, reverse, modify or remand, must do so, so far as factual matters are concerned, on the basis of the findings of facts of the deputy and not on the separate substituted findings of its own.[1] The findings of the deputy as outlined below reveal he was fully cognizant of the material facts in the instant case. They were fully supported by the record, reaching into the very marrow of the order:
"3. That the carrier has been paying the maximum rate of $35.00 per week compensation, based upon an average weekly wage of $62.00 per week. Since this average weekly wage has not been controverted by the claimant, it is accepted by the undersigned deputy commissioner as being true and correct.
"The carrier has accepted a permanent partial disability of 30% of the body as a whole with a maximum recovery date of June 26th, 1958, this 30% disability rating being based on the report of Dr. J.W. Barrett.
"The report of Dr. Eugene H. Silverstone, dated October 16th, 1958, gives a permanent partial disability rating of 40% of the body as a whole and gives an opinion that, as a result of the laminectomy and spinal fusion, the claimant will not be able to engage in any activities requiring prolonged standing or lifting or any work which would throw unusual stress on his back. The claimant has a formal education up to the 9th grade and has had no specific or professional training. His work background has been one *451 which entailed, generally, fairly heavy manual-type work. He has applied to the Florida State Employment Service for employment and has been to Vocational Rehabilitation and the Lindsay Hopkins School for training for some type of work that he would be able to handle with his particular type of disability. As of the time of the last Final Hearing, he had been unable to find any work suitable to his capacities.
"It is the finding of the undersigned Deputy Commissioner, therefore, that the claimant, by reason of his industrial accident, has a 50% permanent partial disability of the body as a whole, based on his educational and work background, his functional limitations and his wage earning capacity."
The evidence in the record supporting the deputy's conclusion is competent and substantial and his result comports with logic and reason.
In his conclusion the deputy commissioner applied the pronouncement in the Ball v. Mann[2] case that "`disability' as used in the workmen's compensation act refers to diminution of capacity to earn resulting from a physical impairment caused by the injury to the body and not merely to the physical impairment itself." (Emphasis added.) If the deputy erred in any respect, it seems to us it was in the fixing the award as low as he did.
The carrier has raised the question of the propriety of the award of attorney's fees by the deputy commissioner and relies upon our decision in Florida Silica Sand Co. v. Parker, Fla. 1960, 118 So.2d 2,[3] to support his contention. We have examined the record and there appears to be no evidence whatever upon which the deputy commissioner could have made the award of attorney's fees.
The order of the full commission is quashed with directions to enter an order affirming the award of the deputy commissioner to the claimant of 50 per cent permanent partial disability of the body as a whole and setting aside and vacating the award of attorney's fees by the deputy commissioner but with directions to the deputy commissioner to make an appropriate award of attorney's fees in accordance with the holding of this Court in Florida Silica Sand Co. v. Parker, supra.
It is so ordered.
HOBSON, Acting Chief Justice, and ROBERTS and O'CONNELL, JJ., concur.
WILLIS, Circuit Judge, concurs specially.
WILLIS, BEN C., Circuit Judge (concurring specially).
I concur in the order of quashal of the order of the Full Commission for the reason that the record reflects that the conclusion of the Deputy Commissioner is supported by competent evidence which he could have found to be "substantial", that is, such as "a reasonable mind would accept as adequate to support a conclusion". DeGroot v. Sheffield, Fla., 95 So.2d 912, 916. Whether such evidence is adequate is for the Deputy to determine initially and such determination may not be disturbed on review unless shown to be arbitrary, the result *452 of a misconception of the evidence (or its legal effect), or not to be in accord with logic and reason. It does not appear that any of these grounds for reversal of the Deputy Commissioner are present in this case, although there was evidence of considerable quantity and apparent quality which would have comfortably supported the contrary of the conclusion reached.
I do not agree with the majority opinion in its criticism of the order of the Full Commission as being "shrouded in ambiguity", or that its language is a mere brutum fulmen completely unauthorized. The majority opinion overlooks the issue actually involved in the adjudication of the Deputy Commissioner. The issue was not whether or not the claimant was entitled to compensation for temporary total disability, but whether or not such admitted compensable total disability was more than 30%. No one contended that the claimant was entitled to compensation for that percentage. The Deputy found that there was more than 30%, namely 50%. The Full Commission disagreed and reversed for the entry of a compensation order consistent with the 30% which everyone concedes to exist. By "dismissing" the "claim" for a greater degree of disability than that of 30% of the body as a whole, the Full Commission was merely disposing of the only controverted claim that has ever been presented for adjudication. I see nothing ambiguous in the order, when the true issue is perceived, nor do I think that the Full Commission merits criticism in the choice of language embodied in its order.
Otherwise I concur in the opinion and judgment.
NOTES
[1] Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503, 507:

"It has been suggested that the instant case should be reviewed and affirmed because the evidence shows no material conflict but is susceptible only of an interpretation favorable to the decision. However, it is futile for this Court to examine the record because it is not our duty to, nor should we, sit as a fact finding body to determine from the evidence the facts in the first instance. Nor can we on review ascertain whether the evidence is sufficient to establish facts which have not been found by the Deputy Commissioner. Nor is it our duty nor are we required to inspect the evidence in order to determine opposing contentions about what it may show, or to state such findings of fact as the evidence may permit. The Deputy Commissioner is the only person having authority to make findings of fact. Our examination of the evidence is not for the purpose of making fact findings but is for the purpose of ascertaining whether findings which have been made are properly supported by the evidence." (Italics theirs)
[2] Ball v. Mann, Fla. 1954, 75 So.2d 758, 760.
[3] "We think the rules above announced are equally applicable to workmen's compensation matters. We understand that the respondent Florida Industrial Commission has promulgated a minimum schedule of fees to be used as a guide by the deputy commissioners. Such a schedule is helpful but is not conclusive. Innumerable economic factors enter into the fixing of reasonable fees in one section of the State and in one community which might not be present in others. In addition to the minimum schedule it appears to us that supplemental evidence should be presented." Florida Silica Sand Co. v. Parker, Fla. 1960, 118 So.2d 2, 5.