PER CURIAM.
On petition and cross-petition for certi-orari we review an order of the Florida Industrial Commission reversing a deputy commissioner who had awarded certain workmen’s compensation benefits.
The deputy commissioner in effect found that: (1) Christopher Herring came to his death in an industrial accident; (2) Sharon Herring, his widow, was a legal dependent; (3) two minor children by a prior marriage were major dependents of the decedent and were entitled to more than an ordinary participation in the award under the provisions of Fla.Stat. § 440.16(2) (c), F.S.A. (1965). The children, through their guardian, were entitled to the funeral allowance for expenses which they advanced; (4) fees for the respective attorney were allowable. The deputy entered an award in accordance with the foregoing findings. The Full Commission reversed with a holding that the accident did not arise out of and in the course of Herring’s employment. One commissioner dissented.
The petitioner seeks reversal. The cross-petitioner urges that if we hold for the petitioners, then we should find that the widow was not entitled to recover.
An analytical review of the evidence would serve no useful purpose. We think the deputy should have been affirmed under the rule of our opinion in United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951). At the time of his death, the conduct of the employee was sufficient to bring him within the rule of Julian v. Port Everglades Terminal Co., 135 So.2d 423 (Fla.1961).
While we personally might have arrived at factual findings contrary to those of the deputy, we remind ourselves, and the respondent Commission, that this is not the measure of appellate review.
The petition is granted. The cross-petition is denied. The order of the Full Commission is quashed and the matter remanded with directions to reinstate the order of the deputy.
It is so ordered.
ROBERTS, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.
CALDWELL, C. J., and THOMAS, J., dissent.