HOPPING, Justice.
Petitioner in this case seeks to have quashed an Order of the Florida Industrial Commission reversing the Deputy Commissioner’s award of compensation benefits.
The petitioner-claimant was employed by the respondent to drive motor vehicle freight tractors which pulled respondent’s refrigerated . trailers.. On August 13, 1966, petitioner was “laying over” in respondent’s terminal awaiting dispatch to another assignment. While there he followed the customary practice of sleeping in his tractor cabin and using the free rest room and shower facilities provided by respondent. During the evening of August 13, 1966, petitioner had several drinks of whiskey, after which he entered another trailer owned by respondent. Petitioner testified that he had been requested by other drivers at the terminal to help unload the trailer which also belonged to the respondent, Refrigerated Transport, Inc. Other employees of Refrigerated Transport testified that petitioner came into the trailer uninvited and that while there acted in an obnoxious fashion and was told to leave.
Based upon the testimony before him the Deputy Commissioner in his order elected to accept the claimant’s testimony that he had been requested by the other drivers, who were employees of the respondent, to help unload respondent’s trailer and that while so doing he slipped and fell out of the trailer, injuring his right foot. The Deputy further found that although the petitioner had admittedly consumed some intoxicating beverages, the testimony was not sufficient to show that the injuries sustained by the petitioner were primarily caused by his intoxication.
The Full Commission, with one commissioner dissenting, reversed the Deputy and dismissed the claim on the ground “ * * * that as a matter of law under the factual conditions herein presented, the claimant deviated from his employment.”
*455 We have repeatedly held that the Deputy Commissioner is the sole trier of fact and that his findings are binding upon the Full Commission when they are supported by competent substantial evidence. See United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951). Under this rule neither this Court nor the Full Commission may substitute its judgment for that of the Deputy Commissioner. As this Court pointed out in Wiedman v. Daryl Products Corp., 127 So.2d 448, 450 (Fla.1961):
“The full commission, while it has the statutory obligation to affirm, reverse, modify or remand, must do so, so far as factual matters are concerned, on the basis of the findings of fact of the deputy and not on the separate substituted findings of its own.”
The Full Commission in this case merely substituted its interpretation of the facts for that of the Deputy’s. This it cannot do. Based on the conflicting testimony before him the Deputy found the petitioner was requested by other drivers located at the terminal to help unload a trailer belonging to Refrigerated Transport.
In the case of Julian v. Port Everglades Terminal Co., 135 So.2d 423 (Fla.1961), which involved similar facts, this court held that where there was an established custom of lending a hand between the employer, four stevedore companies and the various trucking companies, that a terminal employee did not deviate from his employment by assisting another employee of a company in loading a truck. Although there is conflicting evidence on whether the employee was called upon to help unload the trailer in this case, the Deputy Commissioner resolved this conflict by accepting petitioner’s version of the incident.
For the reasons above stated, the petition for writ of certiorari is granted and the order of the Full Commission which reversed the order of the Deputy Commissioner of May 31, 1967, is quashed, with directions to affirm said award and to award a reasonable attorney’s fee for services before the Full Commission.
It is so ordered.
THOMAS, DREW and THORNAL, JJ„ concur.
CALDWELL, C. J., dissents.