223 So.2d 33 (1969)
Clyde R. PAINTER, Petitioner,
v.
BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, Florida, the Florida Industrial Commission and Hartford Accident & Indemnity Company, Respondents.
No. 38029.
Supreme Court of Florida.
May 14, 1969.
Rehearing Denied June 17, 1969.
Howard N. Pelzner, Miami, for petitioner.
Lally, Miller & Hodges, Miami, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
PER CURIAM:
The Full Commission in this case reversed, in part, an award for lack of substantial evidence to sustain the findings of the Judge of Industrial Claims as to the date of maximum medical improvement, or to support the application of estoppel against the carrier in the case of unauthorized surgery.
Once again the Full Commission has clearly departed from its proper function in reviewing Compensation Orders and has clearly invaded the authority of the fact finder. In recent months we have repeatedly *34 reversed orders of the Full Commission for this reason and have carefully and meticulously pointed out that "the Deputy Commissioner is the sole trier of fact and that his findings are binding upon the Full Commission when they are supported by competent substantial evidence. * * * Under this rule neither this Court nor the Full Commission may substitute its judgment for that of the Deputy Commissioner * * *." Justice Hopping in Orendorff v. Refrigerated Transport, Inc., 216 So.2d 453 (Fla. 1968). "The full commission, while it has the statutory obligation to affirm, reverse, modify or remand, must do so, so far as factual matters are concerned, on the basis of the findings of fact of the deputy and not on the separate substituted findings of its own." Justice Drew in Wiedman v. Daryl Products Corporation, 127 So.2d 448 (Fla. 1961). "Our examination of the Order of the Full Commission suggests to us merely a disagreement with the conclusion reached by the Deputy, despite the fact that the evidence before him was adequate to support his judgment. In doing so, the Full Commission transcended the limitations of its own scope of review * * *." Justice Thornal in Paul v. Toddle House Corp., 206 So.2d 387 (Fla. 1968). "While we personally might have arrived at factual findings contrary to those of the deputy, we remind ourselves, and the respondent Commission that this is not the measure of appellate review. * * *" Per curiam decision in Herring v. Jackson Bearing & Supply, Inc., 212 So.2d 768 (Fla. 1968). For a detailed and analytical analysis of the reasons for this rule so often announced in so many different ways by so many justices of this Court, see Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla. 1955).
The Judge's Order here is supported by the amount and quality of evidence we have described. His conclusions are clearly supported by it. Our duty under such circumstances is to require that such findings be honored.
A portion of the Full Commission's Order, relating to the question of estoppel, reads as follows:
"An examination of the transcript reveals that the employee claimed that the treatment by the doctors was an `emergency' and did not raise the issue of `estoppel.' We wish to point out that the defense of estoppel must be pleaded and proven by the party asserting the doctrine. See 12 Fla.Jur., Section 31, `estoppel and Waiver,' 406. The record is devoid of any such plea by the claimant at the trial level. Consequently it was error for the judge to insert the doctrine of estoppel and rely on it for his holding that the bills of the above doctors were the responsibility of the carrier."
This language is disapproved. It is completely inapplicable to compensation claims before the Commission.[1] These proceedings are basically administrative. Quite often no lawyers are involved. The statute recognizes this and provides that the Commission shall not be bound by technical or formal rules of procedure. The word "estoppel" or "estopped," as used in Workmen's Compensation cases, refers to a state of affairs which arises when a person  claimant or employer or other  executes some deed or is concerned in or does some act  or refrains from doing some act  which will prevent him from averring anything to the contrary at some later time. The rule is of particular importance in these cases and should be applied where an obvious wrong would otherwise result  regardless of whether pleaded with the niceties or requirements of the law applicable to Civil cases. The facts in the case clearly justify the Judge's conclusion on this point.
Following oral argument here, the carrier filed a motion for additional argument based on the assertion of a factual misrepresentation made to the Court by Claimant in oral argument concerning a report of Dr. Weiland. The Court has duly *35 considered this request and the response of Claimant. Accepting as true the assertion of the carrier, our judgment that the Deputy had sufficient competent evidence before him to support the compensation order he entered would be the same. Further argument, therefore, would be unwarranted and the application is denied.
Certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions to reinstate the Judge's Order.
It is so ordered.
DREW, CARLTON and ADKINS, JJ., and SPECTOR, District Judge, concur.
ROBERTS, Acting C.J., and BOYD, J., concur in judgment.
NOTES
[1] Section 440.29, F.S.A.