ADKINS, Justice.
By petition for certiorari we have for review an order of the Florida Industrial Commission reversing the workmen’s compensation award entered by the Judge of Industrial Claims.
The question to be resolved is whether the order of the Judge was supported by competent substantial evidence. Claimant Esau Williams sustained a compensable injury by an accident on August 4, 1964 when he fell from a ladder while working for his employer, Austin Construction Company. Soon after the accident the claimant developed a severe psychiatric condition, diagnosed as acute and chronic brain syndrome, due to cranial trauma with epileptic equivalence and psychiatric reaction, which ultimately resulted in his being adjudicated incompetent. As a result of the industrial accident the claimant was temporarily and totally disabled from August 5, 1964 through August 10, 1964 and from September 2, 1964 through June 5, 1967.
The Judge found the claimant’s psychiatric condition and temporary total disability causally related to the industrial accident. On review the Full Commission, with one member dissenting, reversed, holding that any connection between petitioner’s psychiatric problem and the accident was too remote to be compensable. The majority concluded that claimant had not proved by competent substantial evidence that he suffered a brain injury or that he had a psychiatric condition due to his industrial accident. The dissenting commissioner expressed the view that there was competent substantial evidence to support the Judge’s finding of causal relationship.
Prior to the accident the claimant had a history of alcoholism and a preexisting psychiatric condition. Dr. Marvin S. Hardin, a psychiatrist, testified that the claimant’s psychiatric reaction following the injury was causally related and in fact must have constituted an aggravation *282 of either strong schizoid trends or an underlying schizophrenia before the accident. From this and other testimony, it appears that the Judge’s conclusions are based on competent substantial evidence. The order of the Full Commission merely represents a disagreement with the conclusion reached by the Judge. This Court has time and time again reiterated the fact that the Judge of Industrial Claims is the sole trier of fact and that his findings are binding upon the Full Commission when they are supported by competent substantial evidence. When the Full Commission substitutes its judgment for that of the Judge of Industrial Claims it transcends limitations of its own scope of review. See Paul v. Toddle House Corporation, 206 So.2d 387 (Fla. 1968), Orendorff v. Refrigerated Transport, Inc., 216 So.2d 453 (Fla. 1968), and Painter v. Board of Public Instruction of Dade County, Fla., 223 So.2d 33 (Opinion filed May 14, 1969).
Substantial evidence means such evidence as a reasonable man would accept as adequate to support á conclusion. See DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957).
Perhaps confusion has resulted because the Full Commission has applied the “manifest weight and probative force of the evidence” rule. If the Full Commission finds that, in their opinion, the manifest weight and probative force of the evidence is contrary to the findings of the Judge of Industrial Claims, this is, in itself, insufficient to set aside the findings. If there is evidence that a reasonable man would accept as adequate to support the conclusion of the Judge of Industrial Claims, the Full Commission should accept such findings even though they may feel that the findings are contrary to the manifest weight and probative force of the evidence.
There was competent substantial evidence to support the findings of the Judge of Industrial Claims, and, therefore, the Full Commission committed error in reversing. U. S. Casualty Company v. Maryland Casualty Company, 55 So.2d 741 (Fla. 1951). Certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions to reinstate the compensation order of the Industrial Judge.
It is so ordered.
DREW, Acting C. J., CARLTON and BOYD, JJ., and MANN, District Judge, concur.