ADKINS, Justice.
By petition for certiorari, we have for review an order of the Florida Industrial Commission reversing the order of the Judge of Industrial Claims.
The claimant suffered a fractured rib in a compensable injury on May 12, 1967. Although claimant returned to work on June 12, 1967, he complained of soreness in his hip and pain in his hack. This trouble was ultimately diagnosed as a herniated lumbosacral disc. The claimant contends that his disc trouble is causally related to his industrial accident.
The Judge of Industrial Claims accepted Dr. Taylor’s opinion that claimant’s protruded lumbar disc is causally related to his industrial accident. The Judge stated that based on all the evidence, including the lay testimony, this opinion comports with logic and reason.
Upon review, the Full Commission, with one member dissenting, reversed the order of the Judge. They opinioned that the order was not based on competent and substantial evidence which accords with logic and reason with respect to the Judge’s finding of causal relationship. The Commission felt that Dr. Taylor’s opinion relating to the causal relationship is based on a false and an incomplete history as given to him by the claimant. The dissenting Commission member is of the opinion that the findings of the Judge are supported by competent substantial evidence.
Dr. Taylor, an orthopedic surgeon, first saw the claimant on August 31, 1967. He obtained a history that the claimant on May 12, 1967, fell and broke several ribs, injured his back and suffered a fractured pelvis. Dr. Taylor stated that the claimant informed him that this was the diagnosis made by Dr. Faircloth. However, Dr. Faircloth did not diagnose anything other than a fractured rib. Assuming this erroneous history to be the basis for Dr. Taylor’s opinion as to causal relationship, the reversal by the Full Commission seems correct. However, the claimant’s true history was later made clear to Dr. Taylor and he still opinioned that there was a causal relationship between claimant’s disc disease and the industrial accident.
The Judge had the opportunity to hear the lay testimony in the case and he found that this evidence supported Dr. Taylor’s opinion. It is beyond the province of the Full Commission to substitute their opinion for that of the Judge when the Judge’s order is based upon competent substantial evidence. Wiedman v. Daryl Products Corporation, 127 So.2d 448 (Fla. 1961).
We find that there was competent substantial evidence to support the Judge’s findings and the Full Commission committed error in reversing him. U. S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla.1951).
*688 The order of the Full Commission is quashed and the cause is remanded with directions to reinstate the compensation order of the Judge of Industrial Claims.
Attorney’s fees in the amount of $350.00 are awarded to petitioner’s attorney.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW and CARLTON, JJ., concur.