ERVIN, Justice.
We review by certiorari an order of the Industrial Relations Commission reversing an order of the Judge of Industrial Claims.
The order of the Judge of Industrial Claims is summarized as follows: Claimant George Adams was injured on November 16, 1967 in an automobile accident while employed as a laborer by Sun Gold Septic Tank, Inc. Claimant suffered multiple contusions and sprains. At that time his average weekly wage was $77.81. He reached maximum medical improvement on April 8, 1968. Total disability benefits were paid from November 17, 1967 to April 8, 1968, and later permanent disability benefits representing IS per cent of the body as a whole, pursuant to J.I.C. orders of July 12, 1968 and December 18, 1969.
Thereafter, modification was sought by claimant in these proceedings based on claim of change of condition of claimant, seeking permanent total disability benefits. Employer resisted modification, contending there was no change in claimant’s condition.
Claimant is 33 years old with a tenth grade education, who employment counselors testified functions below normal level of intelligence. The J.I.C. found that since the order of July 12, 1968, claimant’s ability to do even light labor has diminished, and his mental condition has deteriorated; that it has affected his physical appearance and increased his subjective complaints of pain. The J.I.C.’s finding as to claimant’s condition is substantiated by testimony of Dr. Irwin Potash, Dr. Michael Gilbert, and Dr. Donald M. Dooley. Medical treatment of claimant since reaching maximum medical improvement was found to be palliative in nature and did not improve claimant.
Claimant was found unemployable in the open competitive labor market of Dade County and to be permanently and totally disabled through a psychiatric conversion reaction as a proximate result of his accident.
Permanent disability benefits at the rate of $42 per week and a $9500 attorney fee for claimant’s attorney were awarded.
On review, the Industrial Relations Commission reversed; its order reads in salient part:
“We have carefully considered the arguments in the employer and carrier’s brief and are of the opinion that there are not sufficient findings of fact to sustain an award of compensation for permanent total disability and that the claimant has not effectively submitted *501 himself to the rehabilitation which has been held out to him but, instead, apparently refused such services.
“We note that the record reflects the claimant is now receiving $500 a month which is tax free and is more than his income before he was disabled. We are aware that this is not a reason for denying compensation for permanent total disability; but as testified to by the psychiatrist, Dr. Melvin Simonson, it is quite possible that a conversion sympto-mology will continue for a long time. The settlement he is seeking is not in keeping with what he is now capable of doing in the open labor market. The doctor testified the last time he saw him that the claimant was ‘the picture of health.’
“In reviewing all the evidence most favorable to the claimant, we do not feel that there is sufficient basis to find that the claimant is permanently and totally disabled, and, thus, the Order must be remanded on this point.”
Despite the conclusions reached by the Commission, our reading of the transcript discloses that every finding of the Judge of Industrial Claims is supported by substantial competent evidence comporting with logic and reason. True it is that claimant’s evidence is disputed in part and contrary expert opinions as to claimant’s alleged deteriorated mental and physical condition were offered by experts appearing on behalf of employer.
Had we been the triers of fact, we might have reached different conclusions from the evidence than Judge of Industrial Claims Grossman, but in all fairness our precedents require that we accord to her findings the legal support enunciated in U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, and Painter v. Board of Public Instruction of Dade County, Fla., 223 So.2d 33.
 It would require a long narration to summarize in this opinion the evidence supporting the findings of' the J.I.C. and to summarize the contrary evidence. Suffice it to say we find the reversal order of the Commission to be general conclusions substitutional in nature and judgment to those of the J.I.C. The Commission appears to be unduly reluctant to accept the trial judge’s findings from the expert medical testimony that claimant’s permanent total disability arose from a psychiatric conversion reaction proximately resulting from his automobile accident injury. Although disclaiming it did so, the Commission apparently could not entirely refrain from weighing the evidence concerning claimant’s disability with the extraneous fact “the claimant is now receiving $500 a month which is tax free and is more than his income before he was disabled.” As we have at times reminded the Commission, it is not expected to stray into philosophical or conceptual thickets relating to the need and wisdom of workmen’s compensation; rather, it is to review its cases in the light of governing law and precedent. Compare Milholin v. Pappas Restaurant, Fla., 217 So.2d 833.
The order of the Industrial Relations Commission is reversed with direction to reinstate the order of the Judge of Industrial Claims.
CARLTON and McCAIN, JJ., and LEE, Circuit Judge, concur.
ROBERTS, C. J., agrees with conclusion.
BOYD, J., dissents.
DEKLE, J., dissents with opinion.