ON MOTION FOR REHEARING
BARFIELD, Judge.
This ease is before the court on appel-lee’s motion for rehearing. The motion is granted. The opinion previously filed on May 15, 1984 is withdrawn.
In this workers’ compensation case the claimant appeals the decision of the deputy commissioner finding that the injury claimant sustained occurred outside the scope of his employment and that the medical treatment received resulted from that injury and not an earlier one four days preceding the questioned injury. We reverse.
Claimant received a compensable injury on December 12, 1982. Four days later claimant was again injured, but the deputy commissioner found at the conclusion of claimant’s case that claimant’s activities at the time of injury were outside the scope of his employment.
Claimant was employed as a truck driver. On the morning of December 16, 1982 he went to his place of employment to get his paycheck. The explanations of claimant and his employer conflict concerning claimant’s presence on the work site. The employer says claimant received his check immediately and was waiting for the bank to open, while the claimant says employer forgot to bring the check to work and had to go get it. It does not matter which version is correct. In either case, the claimant was legitimately on the employer’s premises.
A co-worker who was a mechanic and whose job it was to change wheel seals on trailers was changing a wheel seal on a trailer. It was not claimant’s job to change wheel seals. Claimant observed that the *877 co-worker was having difficulty in getting a tire off the trailer to change the wheel seal. Claimant went to his aid and while pulling on the tire injured or reinjured his back.
We disagree with the deputy commissioner that the foregoing activities preclude a finding that claimant acted within the scope of his employment. He presented a prima facie case that he was furthering the cause of his employer. It was reasonable to expect him to go to the aid of a co-worker if, as contended by claimant, that was in fact the custom in this employment. Julian v. Port Everglades Terminal Co., 135 So.2d 423 (Fla.1961); Orendorff v. Refrigerated Transport, Inc., 216 So.2d 453 (Fla. 1968).
The decision of the deputy commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ„ concur.