WENTWORTH, Senior Judge.
This is an appeal of a final workers’ compensation order requiring that the Employer/Servicing Agent (E/SA) pay attorney’s fees pursuant to section 440.34(3)(a), Florida Statutes (1987) based on the efforts of claimant’s attorney in obtaining medical benefits for claimant. We reverse.
A workers’ compensation claimant has the burden of establishing the circumstances that justify a fee award for his attorney. Florida Silica Sand Co. v. Parker, 118 So.2d 2, 4 (Fla.1960). A claimant may recover fees pursuant to section 440.34(3)(a), Florida Statutes (1987) when he (1) has successfully asserted a claim for medical benefits only against an E/C; and (2) has not filed, or is not entitled to file at the time he filed such claim, a claim for “disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident.” Thus, to prevail under this section, the claimant was required to prove that at the time he filed the medical benefits claim he was “not entitled to file a claim for ... wage loss arising out of the same accident.”
Here, the record indicates that entitlement to wage loss benefits may have existed on July 17, 1991, the date claimant’s medical benefits claim was filed. On June 14, 1991, the earner wrote to claimant informing him of potential eligibility for wage loss benefits if he timely filed the requisite forms and otherwise qualified, based on his treating physician’s opinion that claimant had reached MMI and could return to work with a permanent impairment rating. Claimant’s attorney submitted a completed request for wage loss and job search forms to the carrier for the period June 11, 1991 through June 24, 1991. The record, however, does not indicate what action was taken on the claim for that period or for the immediately following period when the medical claim was filed.
We therefore conclude that the record here does not establish that, at the time the claim for medical benefits was filed, claimant was not entitled to file a claim for wage loss. The order is accordingly reversed and the cause remanded for reconsideration of the issue based on such further evidence as the JCC may require.
ZEHMER, C.J., and WEBSTER, J., concur.