THORNAL, Justice.
By petition for certiorari we are requested to review an order of the Florida Industrial Commission which affirmed an order of an Industrial Judge awarding permanent disability benefits and an attorney’s fee to respondent Rapo.
We are primarily concerned with the attorney fee award.
Rapo was injured in an industrial accident on February 27, 1964. He was paid compensation on a 20% disability basis. On May 27, 1966, pursuant to Rapo’s petition, the benefits were increased to permanent, total. An attorney’s fee of $5,500,00 was awarded. The Full Commission affirmed with a 2-1 decision.
We find no justification to disturb the award of permanent, total disability benefits. Claimant was a 57 year old semi-literate Yugoslavian laborer. His knowledge of English was limited. He was qualified to do only physical labor. The findings of the Industrial Judge regarding disability were complete and comprehensive. They were adequately supported by the record. We concur in the approval by the Full Commission.
On the matter of the award of attorney’s fees the order must be quashed.
We are again confronted by a stipulation that the Industrial Judge “Can * * * set a reasonable attorney’s fee without the necessity of expert testimony.” This he proceeded to do. The employer’s carrier contends that the amount of the fee is unreasonable for the service rendered. The employee claims that the stipulation eliminates the need for evidence and the carrier is bound by the result.
In Lee Engineering & Construction Company v. Fellows, 209 So.2d 454, opinion filed April 10, 1968, we recently recorded our views regarding attorney’s fees in workmen’s compensation matters. As indicated there, our problem most often derives from stipulation situations such as the one before us. No profit could be obtained by repeating all that we said in Lee Engineering, supra. Suffice it to summarize that we there held:
(1) In the absence of a stipulation appropriate evidence must be introduced regarding the amount of a reasonable fee. Florida Silica Sand Co. v. Parker (FÍa.1960), 118 So.2d 2.
(2) A stipulation fixing a specific dollar amount of the fee will be recognized and held binding without the necessity of supplemental evidence.
(3) When, as here, the stipulation merely consents to the fixing of a fee by the Industrial Judge, some appropriate evidence must, nevertheless, be submitted to support the amount of the fee ultimately awarded.
The order of the Full Commission is quashed insofar as it approves the award of an attorney’s fee and the cause is remanded with directions to vacate the order of the Industrial Judge regarding the amount of the fee fixed and thereupon return the matter to him with directions to reconsider the amount of the fee to be awarded in the light of this opinion, and our opinion in Lee Engineering & Construction Company v. Fellows, supra. In other respects the petition for certiorari is denied.
CALDWELL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.