DREW, Justice.
In its first appearance before the Full Commission, this compensation case was returned to the Deputy for further consideration of his initial findings which were, with one exception, categorically vacated by the Full Commission. In the initial order of remand, the Deputy was specifically instructed to “determine the date of maximum medical improvement, permanent partial disability, if any * *
On remand, further testimony was received by the Deputy (then Judge of Industrial Claims) from an orthopedic surgeon, a neurologist, and claimant. Upon consideration of such additional evidence and that which had been previously submitted, the Judge of Industrial Claims entered its second compensation order containing exhaustive and detailed findings of fact and conclusions of law. Such order found that claimant suffered a 5% permanent disability of the body as a whole and an additional 5% permanent disability because of anxiety reaction, both of which resulted in a wage-earning capacity loss equivalent to 35'% permanent partial disability. Attorneys fees and penalties were likewise awarded claimant.
On review, the Full Commission again reversed and remanded for further proceedings. No useful purpose would be served by a detailed review of the order of the Full Commission here under consideration. It is sufficient to say that our careful consideration of this order laid alongside of the order of the Judge of Industrial Claims constitutes a clear departure from the proper functions of the Full Commission. The order of the Judge of Industrial Claims, with the exception hereafter noted, is complete in all respects and the conclusions therein are clearly supported by competent, substantial evidence. It should have been approved by the Full Commission.
 Claimant concedes that that portion of the compensation order of the Judge of Industrial Claims assigning a 20% penalty with regard to all compensation paid for temporary disability is erroneous and should have been applied to that portion of compensation for temporary total disability contained in the initial order; that is, the period August 23, 1965, to October 11, 1965. The penalty applicable to the remainder of compensation paid for temporary total and temporary partial should have been 10%. It will also be necessary on remand to reevaluate the award of attorneys fees in accordance with this Court’s decision in Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968).
*303 The questioned order of the Full Commission be quashed with directions to reinstate the compensation order of the Judge of Industrial Claims, as here modified with relation to penalties and attorneys fees.
It is so ordered.
ERVIN, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.