ADKINS, Justice.
By petition and cross-petition for writ of certiorari, we are asked to review the or *593 der of the Industrial Relations Commission which reversed the order of the Judge of Industrial Claims awarding compensation and attorneys’ fees in this injury case.
Two questions are central to the arguments presented in the petition and cross-petition. The first is, whether the Industrial Relations Commission erred in reversing the compensation and disability order entered by the Judge of Industrial Claims. The second is, whether the Judge’s order awarding attorneys’ fees was entered in accordance with law.
In its order reversing the Judge of Industrial Claims, the Commission did so on grounds that the compensation and disability order was not supported by “sufficient competent substantial evidence that would lead the judge to conclude there has been a 40 per cent loss of wage earning capacity. * * * »
In a workmen’s compensation case, it is the responsibility of the Judge of Industrial Claims to hear the testimony and receive the evidence, to weigh the evidence including the inferences to be drawn therefrom, and to resolve conflicts in the evidence. Evidence includes the demeanor of witnesses and other facets of proofmaking that are more accurately weighed by the trier of the facts who presides over the hearing than by a reviewing panel scanning a cold record. The fact that evidence relied on by the Judge of Industrial Claims may be disputed is not grounds for disturbing his conclusions. It is the responsibility of the Judge to make findings of fact grounded on the evidence; and it is settled law that these findings of fact are not to be disturbed if supported by substantial competent evidence which accords with logic and reason. Andrews v. C.B.S. Division, Maulé Industries, 118 So.2d 206 (Fla.1960).
Where there is presented in a case a question of amount of disability compensation, the standard is that compensation is to be based on loss of earning capacity, rather than on actual loss of wages or on functional disability. Horace Z. Brunson Plumbing & Heating Company v. Mellander, 130 So.2d273 (Fla.1961).
As said in Harris v. Lenk, 224 So.2d 283, 285:
“We are concerned here with decreased earning capacity which sometimes may not be proportional to general physical functional impairment. No one standard is conclusive in the determination of the degree of incapacity to earn the same wages after the injury as prior to the injury. See Ball v. Mann, 75 So.2d 758 (Fla.1954). Because of the variables taken into consideration, the percentage of loss of earning capacity is not ascertainable with mathematical precision. It necessarily follows that an approximation of the percentage of wage loss resulting from permanent partial disability is permissible if fairly supported by competent and substantial evidence. See 100 C.J.S. Workmen’s Compensation § 631, p. 928. The assessment of loss of earning capacity must always be a prediction about the indefinite future and it is not only proper but necessary that the judge consider whether the claimant employee is actually able to perform the requirements of the type of work she was doing at the time the disability occurred. The knowledge gained from personal observation of the claimant may be just as an important factor as the evidence produced by the testimony, depositions and exhibits in determining the percentage of loss of wage earning capacity.”
In the case at Bar, the record reveals the following evidence, not all undisputed, on which the Judge of Industrial Claims could rely: The claimant first was injured on March 14, 1966, while working as a surgical technician at a salary of $57.-60 per week. She received medical treatment and was able to return to work. On August 12, 1966, a patient fell against her, and she suffered reinjury; this was aggravated in January 1967, when she picked up a bowling balk The employer argues that *594 the January incident was a separate injury, unrelated to her work, so that compensation is not due; however, the Judge of Industrial Claims could and did rely on evidence in the record that the claimant was bowling with the knowledge and approval of her treating physicians, and one of her physicians testified that her second disability was more likely to have resulted from the August injury while at work than from the incident in January. At the time of her second injury, her salary was $2.11 per hour, or about $84.00 per week, as a surgical technician. After treatment and returning to work following her second injury, the claimant was unable to work as a surgical technician, and she performed the duties of a ward clerk. While working as a ward clerk, the claimant continued to receive a surgical technician’s salary of $84.-00, although the normal salary for a ward clerk is $55.00 per week. The claimant testified she was given to understand that she would have to resume her duties as a surgical technician, or her salary would be reduced to that of a ward clerk. She felt she was physically unable to work as a surgical technician, and resigned. She secured employment as a dental assistant at a salary of $55.00 per week. Hospital witnesses testified her job was that of a ward clerk, and that her resignation was warranted in light of her condition, and that the employee who replaced her was classified as a ward clerk and paid $55.00 per week. This evidence in the record was competent and substantial and accorded with logic and reason, and supports the findings of fact of the Judge of Industrial Claims that the claimant had suffered a 40 per cent loss in her earning capacity. The fact that there is other evidence in the record which would support different conclusions is not grounds for reversing the order of the Judge of Industrial Claims. We conclude the Commission erred in reversing the Judge on this question.
The second issue before us is whether the award of attorneys’ fees accords with law. The Industrial Relations Commission found the award of fees entered by the Judge of Industrial Claims to be excessive. It is not necessary to examine this question in order to sustain the decision of the Commission. Counsel for claimant concedes without argument that the Judge of Industrial Claims must reconsider attorneys’ fees, in that the Judge at the time he heard this case did not have the benefit of, and did not take evidence in accordance with the standards announced in, the decision of this Court in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), and Anchor Products, Inc. v. Rapo, 210 So.2d 446 (Fla. 1968). It will be necessary on remand of this case for the Judge of Industrial Claims to recalculate attorneys’ fees in accordance with the cited decisions.
This case is remanded to the Industrial Relations Commission to be further remanded to the Judge of Industrial Claims for further proceedings consistent with this opinion. Claimant’s motion for attorneys’ fees is granted in the amount of $500.00.
It is so ordered.
ERVIN, Acting Chief Justice, CARLTON and BOYD, JJ., and SAMUEL S. SMITH, Circuit Judge, concur.