PER CURIAM.
This is a petition for writ of certiorari to review an order of the Florida Industrial Relations Commission which affirmed a permanent total disability award to claimant but reversed the allowance of attorneys’ fee by the Judge of Industrial Claims.
The reversing portion of the order stated: “The judge of industrial claims in his Order found that counsel for the claimant was due a reasonable fee, to which we agree. We disagree with the judge of industrial claims in his findings as to the basis in arriving at a reasonable attorneys’ fee.” The Full Commission did not find that the fee awarded was not supported by competent substantial evidence, but apparently grounded its reversal on the judge’s consideration of the life expectancy (inferentially) of the claimant.
Our review of the entire record, including the findings of the judge of industrial claims, establishes that the judge considered numerous factors in arriving at the fee awarded, i. e., time expended, amount of reasonable recovery, complexity of the cause, experience of counsel, net worth value of compensation and local fee schedules, all of which considerations were relevant in determining a proper assessment of fee.
The judge of industrial claims has the duty and responsibility to ascertain facts through hearings, make his findings and to enter an order thereon. After this, and upon review the Full Commission should adhere to the findings unless there is no competent substantial evidence to support them. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741.
Sub judice, there was competent substantial evidence to support the award of attorneys’ fees by the judge of industrial claims and no departure exists from standards heretofore established by this Court. Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968); Anchor Products, Inc. v. Rapo, 210 So.2d 446 (Fla.1968); Matera v. Gautier, 133 So.2d 732 (Fla.1961); S. & J. Mercury Cab v. Eibister, 190 So.2d 754 (Fla.1966).
Accordingly, the writ issues, and that portion of the order of the Full Commission which reversed the awarded of attorneys’ fees is hereby vacated, and the cause remanded to the Full Commission with directions to reinsate the fee ¡award by the judge of industrial claims. In all other respects the order of the Full Commission meets the essential requirements of law and is hereby approved.
It is so ordered.
ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.
ROBERTS, C. J., dissents.