391 So.2d 322 (1980)
FLORIDA STATE HOSPITAL and Division of Risk Management, Appellants,
v.
Emaline POTTER, Appellee.
No. TT-157.
District Court of Appeal of Florida, First District.
December 11, 1980.
Rehearing Denied January 12, 1981.
Thomas F. Woods of Woods, Johnston & Erwin, Tallahassee, for appellants.
Ben R. Patterson of Patterson & Traynham, Tallahassee, for appellee.
THOMPSON, Judge.
The employer challenges a worker's compensation Order, contending that the Deputy Commissioner ("the Deputy") erred in determining that the claimant's illness was an occupational disease within the meaning of § 440.151, Florida Statutes. We agree and reverse.
The claimant was employed as a psychiatric aide at Florida State Hospital for 14 years. In the fall of 1977, she underwent a tuberculosis skin test. Although this test was positive, she did not seek further diagnosis or x-ray examination. Later she was unable to work from March 2, 1978 until April 10, 1978, and the cause of her disability was diagnosed as tuberculosis.
The claimant filed a claim for benefits, seeking compensation and payment of medical bills and other expenses incurred as a result of tuberculosis. After a hearing, the Deputy entered his Order, finding that the claimant's tuberculosis was due to causes and conditions characteristic of and peculiar to the occupation in which the claimant was engaged. The Deputy also found that the tuberculosis was not an ordinary disease to which the general public is exposed, and that the employment showed a peculiar hazard *323 of such disease in excess of that posed by other forms of employment. He determined that the claimant had an occupational disease and ordered payment of the benefits claimed.
Subsection 440.151(2), Fla. Stat. (1977), provides that:
Whenever used in this section the term "occupational disease" shall be construed to mean only a disease which is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process, or employment and to exclude all ordinary diseases of life to which the general public is exposed, unless the incidence of the disease is substantially higher in the particular trade, occupation, process, or employment than for the general public.
The Deputy has the duty and responsibility to ascertain facts through hearings, make his findings and enter an Order thereon. Upon review, his Order and findings should be affirmed unless there is no competent substantial evidence to support them. Speirs v. Donahue, 255 So.2d 519 (Fla. 1971). Although the Deputy made specific findings that all the criteria required by law to constitute an occupational disease were met in this case, those findings are simply not supported by any competent substantial evidence. There was no evidence that the tuberculosis was due to causes and conditions which were characteristic of and peculiar to the claimant's employment at the mental hospital. Tuberculosis is an ordinary disease of life to which the general public is exposed and there was no evidence that it was not such a disease. There was no evidence that the incidence of tuberculosis was substantially greater among employees at the hospital than for the general public. On the contrary, there is competent substantial evidence from the claimant that, to her knowledge, no other employees at the hospital had contracted tuberculosis with the possible exception of one person who had had active tuberculosis about 20 years before. She also testified that 12 other employees had contact with the same patients she did and none contracted tuberculosis. Under the provisions of Subsection 440.151(1)(e), Fla. Stat. (1977), the presumption that the claim comes within the provisions of the Worker's Compensation Act does not apply.
This is not a case of asbestosis in a person exposed to asbestos fibers on his job; black lung in a coal miner; dermatitis suffered by one exposed to a skin irritant in the performance of his job; nor any other of the diseases that have been held compensable under the occupational disease provisions of the worker's compensation law. Tuberculosis is an ordinary communicable infectious disease to which the general public is exposed and there is absolutely no evidence to support a finding that it is an occupational disease based on the record in this case.
The appellee cited no case in which tuberculosis or any of the other ordinary diseases to which the general public is exposed has been held to be an occupational disease, and our research has failed to reveal any.
The order of the Deputy is reversed and the cause is remanded with directions to enter an Order dismissing the claim.
ROBERT SMITH, J., and WOODIE A. LILES (Ret.), Associate Judge, Concur.