863 So.2d 364 (2003)
FLORIDA POWER CORPORATION and RSKCO, Appellant,
v.
Thomas S. BROWN, Appellee.
No. 1D02-3894.
District Court of Appeal of Florida, First District.
November 21, 2003.
Rehearing Denied January 15, 2004.
*365 Scot E. Samis, St. Petersburg; Abbey, Adams, Byelick, Kiernan, Mueller, and Lancaster, L.L.P., St. Petersburg, for Appellant.
Michael Broussard, James R. Spears; Broussard, Cullen & DeGailler, Orlando, for Appellee.
HAWKES, J.
The Employer/Carrier (E/C) appeal the Judge of Compensation Claims' (JCC) order which awarded medical monitoring to Claimant Thomas Brown, based solely upon Brown's exposure to asbestos. The E/C argue that, because Brown's exposure to asbestos has not resulted in a work place "injury" as that term is defined by Florida law, the JCC erred by awarding benefits. We agree and reverse.
An employer is required to pay compensation or furnish benefits only if an employee suffers an injury by accident. See § 440.09(1), Fla. Stat. (2000). Two situations meet the statutory criteria to establish an injury by accident. The first is found in section 440.02(1), Florida Statutes (2000), where "accident" is defined, in pertinent part, as "an unexpected or unusual event or result that happens suddenly." Id. The second situation is when an employee suffers disablement, resulting from an occupational disease. See § 440.151(1)(a), Fla. Stat. (2000).
It is well settled that asbestosis is an occupational disease. See Hyatt v. Armstrong Cork Co., 121 So.2d 793, 794-795 (Fla.1960); Fla. State Hosp. v. Potter, 391 So.2d 322, 323 (Fla. 1st DCA 1981); Combustion Eng'g, Inc. v. Cote, 505 So.2d 533, 534 (Fla. 1st DCA 1987). However, under the Workers' Compensation Act, an occupational disease becomes compensable only upon the employee's disablement. See Glasrock Home Health Care v. Leiva, 578 So.2d 776, 779 (Fla. 1st DCA 1991). Thus, in occupational disease cases, it is the disability, not the diagnosis of the disease, which determines compensability of a claim. See Hoppe v. City of Lakeland, 691 So.2d 585, 587 (Fla. 1st DCA 1997); see also Hyatt, 121 So.2d at 794-795 (noting time of "injury" for occupational disease is date an employee actually became disabled).
Accordingly, under the plain language of the statutes, Brown is entitled to benefits only if he suffers injury from "an unexpected or unusual event" that "happens suddenly" or he suffers disablement resulting from an occupational disease. Brown has not established that he suffered from either. Brown's exposure to asbestos, standing alone, does not meet the definition of an injury by accident, because his exposure was not "an unexpected or unusual event" that "happened suddenly." Similarly, Brown's exposure to asbestos, standing alone, does not meet the definition of an occupational disease, because his exposure must also result in disablement. At this time, there is no evidence Brown has suffered any disability from his exposure.
Because Brown has not suffered an injury by accident as that term is defined by Florida law, the JCC's award of medical monitoring is reversed. Additionally, because Brown was not entitled to the benefits awarded, the JCC's award of attorney's fees pursuant to section 440.34(2), Florida Statutes (2000), which was based solely on benefits secured, is reversed as well.
REVERSED.
VAN NORTWICK and PADOVANO, JJ., concur.