209 So.2d 454 (1968)
LEE ENGINEERING & CONSTRUCTION COMPANY and Hartford Accident & Indemnity Company, Petitioners,
v.
Fred FELLOWS and the Florida Industrial Commission, Respondents.
No. 36523.
Supreme Court of Florida.
April 10, 1968.
*455 B.C. Pyle, of Whittaker, Pyle & Wood, Orlando, for petitioners.
B.T. Miller, of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for Fred Fellows.
*456 Patrick H. Mears and Robert E. Ray, Tallahassee, for Florida Industrial Commission.
Warren C. Rose and Richard A. Sicking, Miami, as amici curiae.
ROBERTS, Justice.
This is a petition for writ of certiorari from the Florida Industrial Commission which affirmed, except for the allowance of two expert witnesses' fees, an order of the Deputy Commissioner (now Judge of Industrial Claims) awarding compensation benefits.
The cause was heard by the Full Commission upon the application of the employer and carrier, petitioners here, and on cross-application of the respondent, Fred Fellows. Claimant had been awarded payment of compensation for temporary partial disability, permanent total disability, beginning November 20, 1961, with a credit to the employer and carrier for all subsequent payments made prior to the entry of the order, an attorneys' fee of $7200.00 and payment of expert witness fees to attorneys who testified in regard to attorneys' fees. The Commission affirmed the Deputy Commissioner on all points except for the award of expert witness fees to the attorneys. The Commission modified the order of the Deputy by striking the award of these expert witness fees for the reason that in its opinion the statutes do not authorize such payments, reasoning that attorneys are officers of the court and that it is inherent in the implication of Canon 12, Canons of Professional Ethics, 32 F.S.A., that one attorney should testify on behalf of his brother attorney without remuneration. Cf. Robert & Company Associates v. Zabawczuk (Fla. 1967), 200 So.2d 802.
We agreed after an examination of the record that there is competent substantial evidence which accords with logic and reason to support the Deputy Commissioner's findings of fact, conclusions and application of law, except as to the award of expert witness fees to attorneys and the award of fees to claimant's attorneys. We therefore would have denied certiorari, except as to attorneys' fees, and affirmed the order of the Commission. However, the question of whether attorneys' fees are excessive recurs so often that we requested oral argument on the question of the $7200.00 attorneys' fees and also requested two attorneys  one generally representing management, and one generally representing claimants  to give us the benefit of their opinion by appearing at a hearing and submitting briefs as amici curiae. The Florida Industrial Commission requested to be heard and submitted a brief on the question of the impact of stipulations.
After hearing these arguments and studying the excellent briefs we feel compelled to make the following observations.
The Workmen's Compensation Act was originally passed as administrative legislation to be simple, expeditious, and inexpensive so that the injured employee, his family, or society generally, would be relieved of the economic stress resulting from work-connected injuries, and place the burden on the industry which caused the injury. J.J. Murphy & Son, Inc. v. Gibbs (1962), Fla., 137 So.2d 553; Port Everglades Terminal Co. v. Canty (1960), Fla., 120 So.2d 596. It was contemplated that relief would be immediately forthcoming as a substitute for the wages of the working man and that little, if any, delay or long deliberation would ensue. The Act "was pitched on the theory that the claimant could litigate his own cause" but the original intention of the Act has not been practical in many instances and perhaps some of the deviations may be attributable to the award of attorneys' fees in such amounts that representation of claimants has become a lucrative law practice on both sides of *457 the controversies. The tendency to award fees in excess of those contemplated by the Act or even by the fee schedule adopted by the Florida Industrial Commission, may be attributed, in part, to the fact that in Florida the employer or carrier pays the claimant's attorneys' fees and they are not deducted from the claimant's award. Florida is one of the few states which have this requirement. One salutary effect of substantial fees being awarded has been that in this state we have been able to build up a strong bar for both employment and management although this in itself will not justify excessive fees. We recognize that inequitable abuse of any benefit often results in destroying the source of such benefits, Tampa Aluminum Products Company v. Watts (1961), Fla., 132 So.2d 414, but it is obvious that fees should not be so low that capable attorneys will not be attracted, nor so high as to impair the compensation program. Larson, Workmen's Compensation Law, Volume 2, Section 83.
The question as to the impact of a stipulation granting to a Deputy the power to fix a fee without evidence impelled the attorney for the Florida Industrial Commission to request permission to submit a brief and argue his points. In urging the continued allowance of stipulations on attorneys' fees he presented the following facts: 
"In 1966 the judges handled 21,468 cases. Out of these 21,468 cases the judges entered 10,498 orders. In 7,140 of the 10,498 Orders entered, attorneys' fees were awarded. If, in each of these cases, there were required live expert testimony or affidavits to be submitted as to the award of a reasonable attorney's fee, there would be an intolerable burden placed upon the judges and the Commission in the administration of this law."
After studying the various briefs and citations, and reviewing our previous cases, and hearing arguments relative thereto, we feel that stipulations as to the amount of attorneys' fees by the parties concerned serve a useful purpose in the expeditious administration of the compensation law.
Where there is such a stipulation it should be mentioned in the findings of fact of the trial judge and given due weight by the reviewing authorities. The judge is usually in a position to determine a reasonable attorney's fee but we do not believe that stipulations of this kind should absolutely control, despite what might have been said in previous cases. A stipulation that the judge may set the fee in his discretion and that it is binding, unless it is grossly excessive or inadequate, without suitable evidence to substantiate the assessment spawns an inadequate record for review. "In determining such fees the court must draw upon his own experience and knowledge in such matters and upon the record in the cause, but that he should not rely solely thereon." In Re Lieber's Estate (Fla. 1958), 103 So.2d 192. Cf. Hardware Mutual Casualty Company v. Sutton (1967), Fla., 197 So.2d 502. Allowance of fees is a judicial action. In the absence of a stipulation fixing the dollar amount, the burden is on the moving party to show by appropriate proof, through testimony, depositions, affidavits or otherwise, the services and benefits which he has rendered and to which he is reasonably entitled. Much valuable proof can be provided in a verified petition for fees, setting forth the approximate time consumed, out of pocket expenses, the delicacy of the question of law involved, and value of the award to the claimant. "The very nature of these allowances, constituting, as they do, enforceable costs in a court of justice, command and should receive the closest scrutiny of the courts and should never be awarded in a perfunctory proceeding." Lewis v. Gramil Corp. (Fla. 1957), 94 So.2d 174. Although we prefaced our statement in Florida Silica Sand Co. v. Parker (Fla. 1960), 118 So.2d 2, by saying "If the parties are unable to stipulate on an amount deemed to be reasonable it is appropriate that evidence as to amount be obtained either by *458 deposition or by affidavit of qualified and experienced lawyers", we did not anticipate that the Deputy Commissioner would be called upon by the attorneys merely to use his discretion in setting reasonable fees. In that case we emphasized
"* * * the necessity of some evidence in the record to reflect the reasonable value of the services rendered, as well as the customary charge for such services in the community where they were rendered."
And further
"We understand that the respondent Florida Industrial Commission has promulgated a minimum schedule of fees to be used as a guide by the deputy commissioners. Such a schedule is helpful but it is not conclusive. Innumerable economic factors enter into the fixing of reasonable fees in one section of the State and in one community which might not be present in others. In addition to the minimum schedule it appears to us that supplemental evidence should be presented."
Whether "live testimony" is necessary either with stipulation or without should be within the discretion of the judge but all findings must be substantiated by the record.
In Port Everglades Terminal Co. v. Canty, supra, we pointed out that the minimum schedule of fees promulgated by the Commission was helpful but unreliable in cases involving an award of total permanent disability, because the claimant may acquire a wage-earning capacity and benefits and the payments of compensation for total permanent disability are to be continued only "during the continuance of such total disability", F.S. § 440.15(1) (a), F.S.A. We interpolate to remark that perhaps the fee schedule promulgated by the Commission might be more effective by up-dating it in the light of intervening experience. Should the Legislature set such a schedule by statute it would be less sensitive to the changing needs of the program. The tendency to apply a contingent percentage to the total value of the award, in the absence of a stipulation or other evidence, is not an appropriate method for fixing a fee in Workmen's Compensation cases. As previously stated, this is an administrative procedure where it was first contemplated there would be only minimum requirement for professional services, and the nature of the Workmen's Compensation Law is such that the contingent percentage basis is not appropriate.
In summary, where there is not a stipulation between the parties fixing a dollar value for the services rendered, there should be satisfactory proof from which the Deputy Commissioner can determine the value of the service in the light of the views expressed herein, and further, some assistance may be gleaned from Canon 12 of the Canons of Professional Ethics which provides as follows: 
"In fixing fees, lawyers should avoid charges which overestimate their advice and services, as well as those which undervalue them. A client's ability to pay cannot justify a charge in excess of the value of the service, though his poverty may require a less charge, or even none at all. The reasonable requests of brother lawyers, and of their widows and orphans without ample means, should receive special and kindly consideration.
"In determining the amount of the fee, it is proper to consider: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite properly to conduct the cause; (2) whether the acceptance of employment in the particular case will preclude the lawyer's appearance for others in cases likely to arise out of the transaction, and in which there is a reasonable expectation that otherwise he would be employed, or will involve the loss of other *459 employment while employed in the particular case or antagonisms, with other clients; (3) the customary charges of the Bar for similar services; (4) the amount involved in the controversy and the benefits resulting to the client from the services; (5) the contingency or the certainty of the compensation; and (6) the character of the employment, whether casual or for an established and constant client. No one of these considerations in itself is controlling. They are mere guides in ascertaining the real value of the service.
"In determining the customary charges of the Bar for similar services, it is proper for a lawyer to consider a schedule of minimum fees adopted by a Bar Association, but no lawyer should permit himself to be controlled thereby or to follow it as his sole guide in determining the amount of his fee.
"In fixing fees it should never be forgotten that the profession is a branch of the administration of justice and not a mere money-getting trade."
In the instant case, the Deputy Commissioner awarded a fee of $7200.00 and on review the Full Commission affirmed it; however, neither the Deputy Commissioner nor the Full Commission had the benefit of our views as hereinabove expressed, and we therefore think it proper that this matter be referred back to the Deputy for the purpose of findings of fact relative to fixing a reasonable fee in the light of such evidence as might be submitted on this aspect of the claim and the application of the pronouncements herein, or the fixing of a fee based on a stipulation between the parties agreeing to the dollar value of the services rendered.
In conclusion, we take this opportunity to express our appreciation to counsel in this case and the amici curiae for their assistance to the court in reviewing the difficult question of fixing attorneys' fees in cases of this kind.
Accordingly, the writ issues, and that portion of the order of the Full Commission which fixed the amount of the attorneys' fees to be awarded to the attorney for respondent, is hereby vacated, and the cause remanded to the Full Commission with directions to vacate the order of the Deputy Commissioner fixing the amount of such fee and with further directions to the Deputy to make a determination as to the amount of a reasonable fee to be fixed in accordance with the views expressed in this opinion. In all other respects the action of the Commission is approved.
It is so ordered.
CALDWELL, C.J., and THOMAS, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.