MILLS, Judge,
concurring specially:
Although I concur with the majority opinion, the time has come to express concern about this Court’s method of awarding appellate attorneys’ fees in workers’ compensation cases.
Section 440.34(5), Florida Statutes (1981), gives this Court authority to award appellate attorneys’ fees. The only guidelines are that “the Court may allow or increase the attorney’s fee, in its discretion, which shall be paid as the Court may direct.” This Court has not adopted implementing rules.
This Court is presently awarding a $2,000 fee to a claimant’s attorney who prevails at the appellate level without oral argument and is awarding a $2,750 fee with oral argument. In addition, some panels are selecting cases which are set for oral argument with the provision that if not settled before oral argument and if the employer/carrier loses, they will be required to pay claimant’s attorney a fee of $3,000 to $3,500. This Court is awarding a fixed or flat fee without consideration of effort expended or of the benefit achieved and without consideration of the cost of transportation, lodging, and meals, if travel to Tallahassee is necessary.
The awards of attorneys’ fees are made with no evidence of their reasonableness. The Court does not use any criteria for the establishment of fees.
All trial courts are required to take evidence, Should this Court take evidence? It should. All trial courts are required to follow established criteria. Should this Court follow established criteria? It should.
This Court need only adhere to Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968). “If the parties are unable to stipulate on an amount deemed to be reasonable it is appropriate that evidence as to amount be obtained ... by affidavit of qualified and experienced lawyers . .. . ”
The criteria to be considered by the Court in establishing fees are:
1) the time and labor required; and
2) the novelty and difficulty of the questions involved; and
3) the skill requisite properly to conduct the case; and
4) the customary charges of the Bar for similar services; and
5) the amount involved and the benefits resulting to the client; and
6) the contingency or certainty of the fee.
See Lee Engineering, supra, and Section 440.34(1), Florida Statutes (1981).
Claimant’s attorney should file his or her affidavit setting forth the time necessary to conclude the appeal and the costs of traveling to Tallahassee, if applicable, along with an affidavit of an attorney stating his or *377 her opinion as to a reasonable fee. The affidavits should include such evidence concerning the above criteria as the attorneys feel appropriate. The employer/carrier’s attorney should file an appropriate countering affidavit of an attorney.
With this evidence and following the criteria set forth above, the Court could establish a reasonable attorney’s fee based on evidence and known criteria. The fee would not be fixed. The fee would be based on merit.