*1201 ORDER
PER CURIAM.
James Pilón filed a workers’ compensation claim, seeking permanent total disability benefits. Before the claim could be heard, the employee/carrier agreed to pay the claim. Michael Stauder, Pilon’s attorney, sought an award of attorney’s fees on grounds that the employer/carrier’s decision to at first contest the claim was made in bad faith. After a hearing the Judge of Compensation Claims (JCC) agreed that the employer/carrier had acted in bad faith and awarded a fee. He further found, however, reasons to downwardly depart from the fee schedule provided for in section 440.34(1), Florida Statutes (1989). Claimant timely took this appeal from that order.
Claimant sought to be relieved of the costs of this appeal, attaching an affidavit demonstrating that he had little or no assets except for equity in his home, furnishings, and personal vehicle. See Fla.Stat. § 440.25(4)(b). Both the employer/carrier and the Division of Workers’ Compensation (Division) opposed the request. They did not contend that claimant himself was not insolvent, but that the real party in interest in this appeal was Mr. Stauder. The JCC agreed with these arguments and denied the motion to be relieved of costs. Appellant timely moved this court for review pursuant to Rule 9.430, Florida Rules of Appellate Procedure. Having carefully considered the motion and the response of the Division, we grant the motion.
Claimant and his counsel entered into a fee agreement which basically reflects the statutory fee. schedule and which provides that the claimant shall reimburse counsel for any costs of proceedings not paid by the employer/carrier. We note initially that any attorney fee to be paid, whether by the employer/carrier or the claimant, must be determined reasonable by the JCC under the provisions of section 440.34(1). Thus, there does not appear to be any possibility in this ease that the claimant will be responsible to his counsel for attorney fees in excess of those to be paid by the employer/carrier. We also agree with the JCC that the retainer agreement cannot properly be construed to require the claimant to reimburse counsel for the costs of this appeal if appellant is not allowed to proceed without payment of costs.
We do not agree, however, with the JCC’s conclusion that the claimant is not the true party in interest in this cause and that Mr. Stauder is not entitled to rely on his client’s insolvent status to obtain a waiver of payment of costs. Although any funds at issue in this appeal would not reach claimant Pilón directly, the payment of a fee to his counsel by the employer/carrier is, in effect, a benefit. The legislative determination that a fee is payable by the employer/carrier in the circumstances enumerated in section 440.34(3)(a) through (d) reflects a public policy decision that claimants are entitled to and are in need of counsel under those conditions. As appellant argued below and in this court, a barrier to review a decision to award a fee below the statutory schedule could ultimately result in a net loss of attorneys willing to represent workers’ compensation claimants. This could ultimately result in a chilling effect on claimants’ ability to challenge employer/carrier decisions to deny claims for benefits and disrupt the equilibrium of the parties’ rights intended by the •legislature in enacting section 440.34.
Upon consideration of the foregoing, we quash the order of the JCC that denied the claimant’s petition to be relieved of costs and remand for further consistent proceedings.
MOTION GRANTED.
SHIVERS, C.J., and ERVIN and BOOTH, JJ., concur.