994 So.2d 1051 (2008)
Emma MURRAY, Petitioner,
v.
MARINER HEALTH and ACE USA, Respondents.
No. SC07-244.
Supreme Court of Florida.
October 23, 2008.
*1052 Richard A. Sicking, Coral Gables, FL, Brian O. Sutter, Port Charlotte, FL, and Bill McCabe of Shepherd, McCabe and Cooley, Longwood, FL, for Petitioner.
Cheryl L. Wilke of Hinshaw and Culbertson, LLP, Fort Lauderdale, FL, and John R. Darin, II of Znosko and Reas, Longwood, FL, for Respondent.
L. Barry Keyfetz, Miami, FL, on behalf of the Florida Justice Association; Barbara B. Wagner of Wagenheim and Wagner, P.A., Fort Lauderdale, FL, on behalf of Florida Workers' Advocates; Richard A. Sicking, Coral Gables, FL, on behalf of Florida Professional Firefighters, Inc. and International Association of Firefighters, AFL-CIO; Susan W. Fox of Fox and Loquasto, P.A., Tampa, FL, and Richard W. Ervin, III and Wendy S. Loquasto of Fox and Loquasto, P.A., Tallahassee, FL, on behalf of Voices, Inc.; Todd J. Sanders and Geoffrey Bichler of Bichler and Kelley, P.A., Winter Park, FL, on behalf of Florida Police Benevolent Association; Roy D. Wasson of Wasson and Associates, Chartered, Miami, FL, on behalf of David Singleton; George D. Gabel, Jr. and Carol M. Folsom of Holland and Knight, Jacksonville, FL, on behalf of Florida Hospitality Mutual Insurance Company; George *1053 N. Meros, Jr. and Andy V. Bardos of Gray Robinson, P.A., Tallahassee, FL, on behalf of Florida Justice Reform Institute, Florida A.G.C. Council, Inc., Associated Builders and Contractors of Florida, Inc., the Florida Retail Federation, the National Federation of Independent Business Legal Foundation, Florida Transportation Builders Association, Inc., the Chamber of Commerce of the United States of America, and the Florida Chamber of Commerce; William H. Rogner of Hurley, Rogner, Miller, Cox, Waranch, and Westcott, P.A., Winter Park, FL, on behalf of Zenith Insurance Company; Scott B. Miller of Hurley, Rogner, Miller, Cox, Waranch, and Westcott, P.A., Winter Park, FL, on behalf of Florida Association of Self Insurance (FASI); Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, FL, on behalf of Seminole County School Board and Preferred Governmental Claims Solutions, Inc.; Rayford H. Taylor of Stiles, Taylor and Grace, P.A., Atlanta, GA, Tamela Perdue of Stiles, Taylor and Grace, P.A., Tallahassee, FL, on behalf of Associated Industries of Florida, Inc., and Rayford H. Taylor of Stiles, Taylor and Grace, P.A., Atlanta, GA, Mary Ann Stiles of Stiles, Taylor and Grace, P.A., Tampa, FL, and Thomas A. Koval, Sarasota, FL, on behalf of Florida Insurance Council; and Mark L. Zientz of Mark L. Zientz, P.A., Miami, FL, on behalf of NPAC Worker's Compensation Section of The Florida Bar, as Amici Curiae.
WELLS, J.
In this case petitioner Emma Murray, the claimant in a workers' compensation case, challenges the constitutionality of the statute governing attorney fees in such cases, section 440.34, Florida Statutes (2003). In Murray v. Mariners Health/ACE USA, 946 So.2d 38, 39 (Fla. 1st DCA 2006), the First District Court of Appeal expressly held that the statute as significantly amended in 2003 is constitutional. The district court rejected each of petitioner's challenges and found that the formula of subsection (1) governs the award of reasonable attorney fees under subsection (3). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We need not address the constitutional issues raised in this case. See State v. Giorgetti, 868 So.2d 512, 518 (Fla.2004) ("We are also obligated to construe statutes in a manner that avoids a holding that a statute may be unconstitutional."). We hold, based upon the plain language of the statute, that when a claimant is entitled to recover attorney fees from a carrier or employer as provided by section 440.34(3)(a), (b), (c), or (d), the claimant is entitled to recover "a reasonable attorney's fee." See § 440.34(3), Fla. Stat. (2003). Section 440.34(3), does not define "reasonable attorney's fee," and an ambiguity results when subsection (1) and subsection (3) are read together. Accordingly, we have determined that reasonable attorney fees for claimants, when not otherwise defined in the workers' compensation statute, are to be determined using the factors of rule 4-1.5(b) of the Rules Regulating the Florida Bar. See Lee Eng'g & Constr. Co. v. Fellows, 209 So.2d 454, 458 (Fla. 1968) (applying Canon 12 of the Canons of Professional Ethics, the predecessor to rule 4-1.5(b)).

I. THE PRIOR PROCEEDINGS
Petitioner, a certified nursing assistant, suffered an injury while assisting a coworker in lifting a patient. She was diagnosed with a uterine prolapse and underwent a hysterectomy. She filed a petition for workers' compensation benefits including temporary total disability, temporary partial disability, medical care, costs, and attorney fees. Respondents in this case, Mariner Health and ACE USA, the employer and its insurance carrier, responded *1054 by denying that any benefits were owed. At the hearing before the Judge of Compensation Claims (JCC), respondents contended that (1) no injury arose out of or in the course of employment; (2) the claim was fraudulent under section 440.105, Florida Statutes (2003), because petitioner provided an incomplete medical history;[1] (3) the major contributing cause of claimant's prolapsed uterus was from her experience giving birth; and (4) no costs, fees, or interest were owed. After hearing all of the evidence and arguments, the JCC found petitioner's testimony to be credible and the testimony of the independent medical examiner "most convincing." Murray v. Mariners Health, OJCC Case No. 04-000323DFT (Fla. Div. of Admin. Hearings Compensation Order filed May 9, 2005) at 5. Accordingly, the JCC found that petitioner's claims were compensable and awarded her $3,244.21 in benefits.
When petitioner prevailed at the hearing, the next issue to be addressed by the JCC was attorney fees. Section 440.34, Florida Statutes (2003), governs attorney fees in workers' compensation cases. Subsections (1) and (3), the provisions at issue here, provide as follows:
(1) A fee, gratuity, or other consideration may not be paid for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the judge of compensation claims or court having jurisdiction over such proceedings. Any attorney's fee approved by a judge of compensation claims for benefits secured on behalf of a claimant must equal to 20 percent of the first $5,000 of the amount of the benefits secured, 15 percent of the next $5,000 of the amount of the benefits secured, 10 percent of the remaining amount of the benefits secured to be provided during the first 10 years after the date the claim is filed, and 5 percent of the benefits secured after 10 years. The judge of compensation claims shall not approve a compensation order, a joint stipulation for lump-sum settlement, a stipulation or agreement between a claimant and his or her attorney, or any other agreement related to benefits under this chapter that provides for an attorney's fee in excess of the amount permitted by this section. The judge of compensation claims is not required to approve any retainer agreement between the claimant and his or her attorney. The retainer agreement as to fees and costs may not be for compensation in excess of the amount allowed under this section.
. . . .
(3) If any party should prevail in any proceedings before a judge of compensation claims or court, there shall be taxed against the nonprevailing party the reasonable costs of such proceedings, not to include attorney's fees. A claimant shall be responsible for the payment of her or his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom she or he successfully asserts a petition for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident;
(b) In any case in which the employer or carrier files a response to petition denying benefits with the Office of the Judges of Compensation Claims and the injured person has employed an attorney *1055 in the successful prosecution of the petition;
(c) In a proceeding in which a carrier or employer denies that an accident occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability; or
(d) In cases where the claimant successfully prevails in proceedings filed under s. 440.24 or s. 440.28.
Regardless of the date benefits were initially requested, attorney's fees shall not attach under this subsection until 30 days after the date the carrier or employer, if self-insured, receives the petition.
§ 440.34(1), (3), Fla. Stat. (2003). By the plain language of subsection (3), when, as in this case, a claimant hires an attorney and prevails after an employer and its insurance carrier (employer/carrier) deny benefits, the claimant is "entitled to recover a reasonable attorney's fee" from the employer/carrier.
The parties here agreed that petitioner was so entitled, but they disputed how to calculate the attorney fee award. At a subsequent hearing, petitioner argued that the JCC should determine the fee award after considering various factors that we articulated in Lee Engineering, factors which were previously listed in subsection (1) of the statute. See Lee Eng'g, 209 So.2d at 458-59. The respondents asserted, however, that the attorney fee amount had to be calculated in accordance with subsection (1), which provides a formula based on percentages of the monetary amount of the benefits awarded to the claimant.[2]
At the hearing on the fee award, attorneys who practice in the subject area and represent both claimants and employers and carriers testified to the customary hourly rate paid to attorneys in such cases and to the complexity of the issues in this case and of workers' compensation law. Evidence was presented showing that the usual rate of pay for attorney fees in such cases was $200 an hour. However, if the attorney fees were determined on the basis of the formula set out in the statute's subsection (1), petitioner would be entitled to an attorney fee award of $8 an hour for her attorney, who worked approximately eighty hours on the case. The witnesses at the hearing testified that this amount was "manifestly unfair" and placed claimants at a disadvantage. Claimants would be unable to represent themselves against an employer/carrier because of the complexity of the law and the issues involved, and many would be unable to obtain counsel when an employer/carrier wrongly denied benefits if there was no prospect for the attorney to be reasonably compensated. Evidence showed that respondents in this case paid their attorney $16,050 (135 hours at $125 an hour) in the unsuccessful effort to resist paying benefits.
After hearing the testimony and arguments, the JCC found that petitioner's counsel expended eighty hours of reasonable and necessary time on the case but determined that the fee award of subsection (3) was governed by the statutory formula of subsection (1). Thus, the JCC awarded petitioner attorney fees of $684.84, which the respondents were required to pay. Noting that this equated to an hourly rate of $8.11 because of the low monetary value of the benefits won, the JCC commented:
Given that this was a very complex case, with difficult issues, very contingent, required a highly skilled practitioner and that [petitioner's attorney] enjoys an outstanding reputation as a highly *1056 skilled and experienced workers' compensation practitioner, an attorney fee of $8.11 per hour would on its face ... hardly appear to be "reasonable." It would appear to be "manifestly unfair."
Murray v. Mariner Health, OJCC Case No. 04-000323DFT (Fla. Div. of Admin. Hearings Compensation Order filed Jan. 17, 2006) (2006 Compensation Order) at 5.
Next, the JCC addressed petitioner's request that the JCC nevertheless consider what the fee award would be if he applied the reasonableness factors of Lee Engineering that formerly appeared in the statutory formula. Among other findings, the JCC found that (1) based on the novelty and difficulty of the issues, the skill required of the attorney to prevail was "of the greatest magnitude"; (2) the customary charge in the geographic region was $200 an hour; (3) and the contingency of the compensation was high and militated in favor of an upward fee adjustment. 2006 Compensation Order at 7, 9. The JCC concluded that under these factors, a reasonable fee would be $16,000, based on $200 an hour for eighty hours. Id. at 9.
On appeal, the First District affirmed the JCC's order awarding the $684.84 fee, relying on its own prior cases addressing constitutional challenges to the statute:
The claimant, Emma Murray, appeals the Judge of Compensation Claims' (JCC) order awarding an attorney's fee in strict accordance with the guideline formula set forth in section 440.34(1), Florida Statutes (2005). The appellant's constitutional challenges to this statute, as significantly amended in 2003, were considered and rejected in our recent decisions in Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506 (1st DCA 2006); and Campbell v. Aramark, 933 So.2d 1255 (1st DCA 2006). Accordingly, we are constrained to affirm the JCC's award of a reasonable attorney's fee based on the statutory guideline formula. See Wood v. Fla. Rock Indus., 929 So.2d 542 (Fla. 1st DCA 2006), granting motion for certification, 929 So.2d 545 (Fla. 1st DCA 2006).
Murray, 946 So.2d at 39.

II. ANALYSIS
Petitioner urges that the JCC and the district court erred as a matter of law in determining that the amount of the reasonable attorney fees award paid by the respondents for the petitioner's attorney under subsection 440.34(3) was determined solely under the statutory formula in subsection 440.34(1). Alternatively, petitioner contends that if the formula of subsection (1) does limit the fee award of subsection (3), then the statute violates her constitutional rights of equal protection, due process, and access to the courts, and also violates the constitutional separation of powers. In the case below, the district court affirmed the JCC's order by relying on several prior decisions that addressed these issues, including Wood v. Florida Rock Industries, 929 So.2d 542 (Fla. 1st DCA), review denied, 935 So.2d 1221 (Fla. 2006). Murray, 946 So.2d at 39.[3] Examining only subsection 440.34(1) of the revised statute in Wood, the district court concluded that the Legislature had defined a "reasonable attorney's fee" as the amount determined under the percentage formula of subsection (1) and held that the statute prohibited the JCC from approving an amount exceeding that percentage figure. See Wood, 929 So.2d at 544-45.
Statutory interpretation is a question of law subject to de novo review. See Daniels v. Fla. Dep't of Health, 898 So.2d 61, 65 (Fla.2005); State v. Burris, *1057 875 So.2d 408, 410 (Fla.2004). Below, we analyze the issue presented under this standard, keeping in mind that "[w]herever possible, statutes should be construed in such a manner so as to avoid an unconstitutional result." State v. Jefferson, 758 So.2d 661, 664 (Fla.2000).

A. Plain Language and Ambiguity
An examination of the plain language of subsections 440.34(1) and (3) reveals that when the formula requirement of subsection (1) is read together with the reasonable attorney fee authorization of subsection (3), a statutory ambiguity is created. Subsection (1) provides that any fee "paid for a claimant" must be approved as reasonable by the JCC; any attorney fee approved by the JCC "must equal" the statutory formula, which is based on a percentage amount of the dollar value of the compensation benefits obtained by the claimant; and the JCC cannot approve an attorney fee exceeding "the amount permitted by this section." § 440.34(1), Fla. Stat. (2003).
No reference is made in subsection (1) to subsection (3); nor does subsection (3) refer to subsection (1). Rather, subsection (3) authorizes reasonable attorney fees without any mention of the formula. It is obvious, as demonstrated by the present case, that applying the formula in all cases will not result in the determination of reasonable attorney fees in all cases. In some circumstances, applying the formula will result in inadequate fees, and in some circumstances, applying the formula will result in excessive fees.[4] To address this ambiguity, we begin by reviewing the relevant history of the attorney fee statute.

B. Statutory History of the Attorney Fee Award
We have noted that "[t]he Workmen's Compensation Act was originally passed as administrative legislation to be simple, expeditious, and inexpensive so that the injured employee, his family, or society generally, would be relieved of the economic stress resulting from work-connected injuries, and place the burden on the industry which caused the injury." Lee Eng'g, 209 So.2d at 456. The theory underlying the Act was that a claimant did not need an attorney and could alone navigate the procedures to obtain the benefits to which he or she was entitled under the law. Id. Thus, originally, when a claimant hired an attorney, the claimant's attorney fee was the obligation of the claimant. The Legislature, however, was concerned that the bulk of the compensation benefit go to the claimant, not his attorney. Accordingly, to protect a claimant's compensation award, the Legislature, from the original adoption of the Act, gave the JCC or relevant administrative body, however denominated at the time, approval oversight of the amount a claimant paid to his attorney. See ch. 17481, § 34, Laws of Fla. (1935).
In 1941, the Legislature revised the statutory scheme and mandated that in some instances, the employer/carrier should pay for the claimant to have an attorney. See ch. 20672, § 11, Laws of Fla. (1941). The Legislature amended the statute to provide in pertinent part as follows:
If the employer or carrier shall file notice of controversy provided in Section 20 of this Act, or shall decline to pay a *1058 claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation, be awarded [a] reasonable attorney's fee, to be approved by the Commission which may be paid direct to the attorney for the claimant in a lump sum.
Id. (emphasis added). As the First District noted regarding a subsequent version of this provision, "The legislative determination that a fee is payable by the employer/carrier in the circumstances enumerated in [this subsection] reflects a public policy decision that claimants are entitled to and are in need of counsel under those conditions." Pilon v. Okeelanta Corp., 574 So.2d 1200, 1201 (Fla. 1st DCA 1991); see Lockett v. Smith, 72 So.2d 817, 819 (Fla. 1954). Under the 1941 provision, a prevailing claimant's compensation award was not reduced at all because the claimant hired counsel, and the employer and carrier were discouraged from delaying timely payment of benefits owed.
Thereafter, we determined the ethical rule governing attorney fees was a "safe guide in fixing the amount of [employer/carrier-paid] fees" awarded the claimant under the statute. Fla. Silica Sand Co. v. Parker, 118 So.2d 2, 4 (Fla.1960) (citing Canon 12 of the Rules of Ethics Governing Attorneys, now codified as rule 4-1.5 of the Rules Regulating the Florida Bar (Fees and Costs for Legal Services)). Subsequently, in Lee Engineering, we directly addressed the method for determining this reasonable attorney fee award under the statute. We rejected strict application of a contingent percentage of the benefit award, finding such to be inappropriate for this area of the law, and remanded for determination of a reasonable attorney fee by applying the factors in our rule. Lee Eng'g, 209 So.2d at 458-59.
The Legislature later amended section 440.34(1) and incorporated these factors as follows:
(1) If the employer or carrier shall file notice of controversy as provided in s. 440.20, or shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the claimant injured person shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable attorney's fee of 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured, to be approved by the judge of industrial claims, which fee may be paid direct to the attorney for the claimant in a lump sum. However, the judge of industrial claims shall consider the following factors in each case and may increase or decrease the attorney's fee if in his judgment the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the claimant.

*1059 (e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(h) The contingency or certainty of a fee.
Ch. 77-290, § 9, at 1293-94, Laws of Fla. (codified at § 440.34, Fla. Stat. (1977)) (additions underlined; deletions struck through). As evidenced by the above, the Legislature also provided a statutory formula to be used as the starting point for determining a reasonable attorney fee award for a successful claimant. Thus, to determine a reasonable fee, the JCC applied the formula and then increased or decreased the amount after consideration of the factors in order to determine a reasonable fee.
Two years later, however, the Legislature again significantly amended the statute. See ch. 79-40, § 27, at 252-53; ch. 79-312, § 15, at 1656-57, Laws of Fla. As amended, the first two subsections provided in pertinent part as follows:
(1) No fee, gratuity or other consideration shall be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the deputy commissioner, commission, or court having jurisdiction over such proceedings. Except as provided by this subsection, any attorney's fee approved by a deputy commissioner shall be equal to 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of benefits secured, and 15 percent of the remaining amount of the benefits secured. However, the deputy commissioner shall consider the following factors in each case and may increase or decrease the attorney's fee if in his judgment the circumstances of the particular case warrant such action:
[the previously added Lee Engineering factors].
(2) If the claimant should prevail in any proceedings before a deputy commissioner, commission, or court there shall be taxed against the employer the reasonable costs of such proceedings, not to include the claimant's attorney's fees. A claimant shall be responsible for the payment of his own attorney's fees, except that a claimant shall be entitled to recover a reasonable attorney's fee from a carrier or employer:
(a) Against whom he successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident; or
(b) In cases where the deputy commissioner issues an order finding that a carrier has acted in bad faith with regard to handling an injured worker's claim and the injured worker has suffered economic loss. For the purposes of this paragraph, "bad faith" means conduct by the carrier in the handling of a claim which amounts to fraud, malice, oppression, or willful, wanton or reckless disregard of the rights of the claimant. Any determination of bad faith shall be made by the deputy commissioner through a separate fact-finding proceeding; or
(c) In a proceeding where a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensability.
§ 440.34(1)-(2), Fla. Stat. (1979) (footnote omitted). Although both the fee formula and the Lee Engineering factors remained in subsection (1), the subsection no longer *1060 contained any direct reference to the award of employer/carrier-paid fees when the claimant prevailed over the employer/carrier's denial of compensation. The Legislature moved the provision for an employer/carrier-paid attorney fee award into subsection (2) and listed three specific instances that would trigger a claimant's "entitlement" to an attorney fee award to be paid by the employer/carrier. Nothing in subsection (2) referred directly to the formula or factors of subsection (1). In 1980, the provision for the employer/carrier-paid fee award was renumbered as subsection (3). See ch. 80-236, § 14, Laws of Fla.; § 440.34(3), Fla. Stat. (Supp.1980).
The subsection providing for the award of a reasonable attorney fee was not again expressly linked to the formula and the reasonable fee factors of subsection (1) until 1986. Following the list of instances in which the award of a reasonable attorney fee was required in subsection (3), the Legislature added this sentence: "In applying the factors set forth in subsection (1) to cases arising under paragraphs (a), (b), and (c) of this subsection, the deputy commissioner shall only consider such benefits and the time reasonably spent in obtaining them as were secured for the claimant within the scope of paragraphs (a), (b), and (c) of this subsection." Ch. 86-171, § 4, Laws of Fla.
Although other changes were made to the statute over the ensuing years, the substantive changes most pertinent here were made in 2003. See ch. 2003-412, § 26, Laws of Fla. (effective Oct. 1, 2003). In subsection (1), the Legislature deleted reference to consideration of the reasonable fee factors and made other changes as shown below by bold type for additions and strike-through type for deletions.
(1) A fee, gratuity, or other consideration may not be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the judge of compensation claims or court having jurisdiction over such proceedings. Except as provided by this subsection, Any attorney's fee approved by a judge of compensation claims for benefits secured on behalf of services rendered to a claimant must equal to 20 percent of the first $5,000 of the amount of the benefits secured, 15 percent of the next $5,000 of the amount of the benefits secured, 10 percent of the remaining amount of the benefits secured to be provided during the first 10 years after the date the claim is filed, and 5 percent of the benefits secured after 10 years. The judge of compensation claims shall not approve a compensation order, a joint stipulation for lump-sum settlement, a stipulation or agreement between a claimant and his or her attorney, or any other agreement related to benefits under this chapter that provides for an attorney's fee in excess of the amount permitted by this section. The judge of compensation claims is not required to approve any retainer agreement between the claimant and his or her attorney. The retainer agreement as to fees and costs may not be for compensation in excess of the amount allowed under this section. [Provision for consideration of the reasonableness factors deleted.]
Id. The Legislature left subsection (3) largely intact, except that it deleted the sentence referring to application of the subsection (1) formula and reasonableness factors that it had added in 1986. Id.

C. Construing the Statute
We have said many times that legislative intent is the polestar that guides a court's inquiry in statutory construction. Fla. Birth-Related Neurological Injury Comp. Ass'n v. Fla. Div. of Admin. Hearings, *1061 686 So.2d 1349, 1354 (Fla.1997). However, when a statute is unclear or ambiguous as to its meaning, the Court must resort to traditional rules of statutory construction in an effort to determine legislative intent. See Starr Tyme, Inc. v. Cohen, 659 So.2d 1064 (Fla.1995).
As we stated earlier in this opinion, we find that when the formula mandate of subsection (1) of this statute is read together with the reasonable fee authorization of subsection (3), the result is an unclear and ambiguous statute as to the application of the formula of subsection (1) as the sole determinant of reasonable attorney fees in subsection (3). Therefore, we find it necessary to apply rules of statutory construction to resolve the ambiguity.
Though we recognize that the Legislature has long labored over the attorney fee provisions of the Act, we do not find that the legislative history resolves the ambiguity. The Legislature did not indicate why it made the changes in respect to the determination of the amount of a claimant's attorney fees in the history of the statute we have traced or in the 2003 revisions to the subsections.
A rule of statutory construction which is relevant in this construction is that where two statutory provisions are in conflict, the specific provision controls the general provision. See State ex rel. Johnson v. Vizzini, 227 So.2d 205, 207 (Fla. 1969); see also State v. J.M., 824 So.2d 105, 112 (2002) (noting the "long-recognized principle of statutory construction that where two statutory provisions are in conflict, the specific statute controls over the general statute"). In the instant statute, subsection (3) pertains specifically to attorney fees which a claimant is entitled to be awarded against the employer/carrier when the circumstances set forth in the subsection are met. Subsection (1), on the other hand, covers attorney fees generally but is silent as to the attorney fees to which a claimant is entitled from an employer/carrier under the circumstances set forth in subsection (3). Thus, the specific subsection (3) controls over the general subsection (1) when subsection (3) is applicable.
A second relevant rule of statutory construction is that a statutory provision will not be construed in such a way that it renders meaningless or absurd any other statutory provision. See Amente v. Newman, 653 So.2d 1030, 1032 (Fla.1995) ("If possible, the courts should avoid a statutory interpretation which leads to an absurd result."). If we construed subsection (3) as being controlled by the formula of subsection (1), the reasonable attorney fees requirement of subsection (3) would be rendered meaningless and absurd because the application of the formula in all cases would result in inadequate fees in some cases and excessive fees in other cases.[5] Inadequate fees and excessive fees are not reasonable attorney fees.
Respondents and various amici argue that the Legislature did intend for the formula to be used in all cases because of legislative concern for the rising costs in the processing of workers' compensation claims. They maintain that hourly fees had been abused by tactics to delay the resolution of claims and build attorney fees. We agree that delays and the enhancement of attorney fees should be controlled. We expressly note, however, that the factors set forth in rule 4-1.5(b) are to be applied so as to award attorney fees for *1062 necessary legal services rendered in the processing of claims. See R. Regulating Fla. Bar 4-1.5(b)(1) ("Factors to be considered as guides in determining a reasonable fee include: (A) the time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal services properly[.]"). The judges who hear these claims and determine the amount of the attorney fees under subsection (3) must be vigilant to award only reasonable and necessary fees. Further, we expect the appellate courts to review the factors in cases presented to the courts so that only reasonable and necessary fees are awarded.

III. CONCLUSION
In sum, our decision in Lee Engineering controls our decision here. We find it to be unclear why in the 2003 revision to section 440.34 the Legislature deleted reference to the reasonable fee factors which had been included in the earlier revisions of the statute. The Legislature did, however, continue to authorize a claimant's entitlement to a reasonable attorney fee, for which our Lee Engineering case provides the standard.
Since we have resolved the issue presented on the basis of statutory construction, we do not reach the constitutional issues raised by petitioner. We quash the decision of the First District in this case and disapprove its decisions in Lundy, Wood, and Campbell. We direct that this case be remanded to the JCC for entry of an attorney fee award to respondent in the amount of $16,000. Petitioner is also entitled to an award of reasonable attorney fees for the appeal in the First District and this Court. § 440.34(5), Fla. Stat. (2003). The amount of the reasonable appellate attorney fees shall be determined by the JCC.
It is so ordered.
QUINCE, C.J., and ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
CANADY and POLSTON, JJ., did not participate.
NOTES
[1] Section 440.105 provides in pertinent part that whoever knowingly makes a false statement or omits material information to obtain workers' compensation benefits commits the felony of insurance fraud. § 440.105(4)(b), (f), Fla. Stat. (2003).
[2] Petitioner also raised constitutional arguments in her petition and at the hearing, but recognized that the JCC did not have jurisdiction to determine such issues.
[3] The district court also cited Lundy v. Four Seasons Ocean Grand Palm Beach, 932 So.2d 506 (Fla. 1st DCA 2006), and Campbell v. Aramark, 933 So.2d 1255 (Fla. 1st DCA 2006).
[4] In some cases such as the present case, the amount of benefits is small, but the legal issues are complex and time consuming, and require skill, knowledge, and experience to recover the small but payable benefits. In other cases, the amount of benefits is substantial, but the legal issues are simple and direct, and do not require exceptional skill, knowledge, and experience. In the former case, a mandatory, rigid application of the formula results in an inadequate fee; in the latter, such application of the formula results in an excessive fee.
[5] We note that subsection (7) applies specifically to subsection (3)(a) claims for medical benefits only and provides an alternative method for determining a reasonable attorney fee. We do not reach any issue concerning subsection (7) since the claim for attorney fees in this case was not made on the basis of this subsection.