PER CURIAM.
In this workers’ compensation appeal, Claimant challenges the Judge of Compensation Claims’ (JCC’s) award of an employer/carrier-paid attorney’s fee without reference to the formula mandate set out in section 440.34(1), Florida Statutes (2007). Because the JCC correctly applied the Florida Supreme Court’s holding in Murray v. Mariner Health, 994 So.2d 1051 (Fla.2008), we affirm.
The relevant statutory provision was in effect between October 1, 2003, and June *267 30, 2009. See Ch. 03-412, § 26, at 3943, Laws of Fla.; Ch. 09-94, § 1, at 1351, Laws of Fla. In Murray, the supreme court resolved the ambiguity between section 440.34(1) and section 440.34(3). See Murray, 994 So.2d at 1061-62. Relying on rules of statutory construction, the Murray court determined that, when assessing a reasonable attorney’s fee paid pursuant to subsection (3), the specific provisions pertaining to employer/carrier-paid attorney’s fees in the enumerated circumstances set forth in subsection (3) controlled over subsection (1), which “covers attorney fees generally but is silent as to the attorney fees to which a claimant is entitled from an employer/carrier under the circumstances set forth in subsection (3).” Id. at 1061. Accordingly, the supreme court held:
(B)ased upon the plain language of the statute, that when a claimant is entitled to recover attorney fees from a carrier or employer as provided by section 440.34(3)(a), (b), (c), or (d), the claimant is entitled to recover “a reasonable attorney’s fee.” See § 440.34(3), Fla. Stat. (2003). Section 440.34(3), does not define “reasonable attorney’s fee,” and an ambiguity results when subsection (1) and subsection (3) are read together. Accordingly, we have determined that reasonable attorney fees for claimants, when not otherwise defined in the workers’ compensation statute, are to be determined using the factors of rule 4-1.5(b) of the Rules Regulating the Florida Bar. See Lee Eng’g & Constr. Co. v. Fellows, 209 So.2d 454, 458 (Fla.1968) (applying Canon 12 of the Canons of Professional Ethics, the predecessor to rule 4-1.5(b)).
Id. at 1053. Thus, here, because the JCC relied on the Lee Engineering factors in arriving at a reasonable employer/carrier-paid attorney’s fee, the JCC did not err in awarding Claimant’s attorney a $25,000 attorney’s fee.
AFFIRMED.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.