EVANDER, J.
Continental Casualty Company (“Continental”) appeals from an order awarding attorney’s fees to A.W. Baylor Versapanel-Plastering, Inc. (“Baylor”) in a post-arbitration proceeding. The arbitration panel had declined to award either party attorney’s fees under section 713.29, Florida Statutes (2007), after finding that neither was the “prevailing party.” That statute provides for an award of attorney’s fees to the prevailing party in an action to enforce a claim on a bond under chapter 713.
*939 Notwithstanding the arbitrator’s decision, the trial court found that Baylor was entitled to recover attorney’s fees pursuant to sections 627.756 and 627.428, Florida Statutes (2007). These statutes generally permit, inter alia, an award of attorney’s fees to a subcontractor who obtains a judgment against a surety insurer under a payment or performance bond for pecuniary loss resulting from a contractor’s contractual breach. We reverse because we conclude that section 713.29 is the controlling statute in this case.
Continental, a surety for the general contractor, Aviation Constructors, Inc. (“ACI”), furnished a section 713.23 payment bond[1] for a large construction project on which Baylor was a subcontractor. After various disputes arose between Baylor and ACI, Baylor filed a complaint in the circuit court against both ACI and Continental. Based on an arbitration provision in the ACI-Baylor contract, the parties were ordered to arbitration. Prior to the arbitration hearing, the parties entered a stipulation requesting that the panel determine entitlement to attorney’s fees under section 713.29 as well as the quantum, if any, of an award:
1. The parties agree that the Arbitrators are requested to determine the assessment of attorneys’ fees, arbitrators’ fees, and the AAA fees and costs in connection with this arbitration proceeding under application of FI. St. Section 713.29.
2. The parties agree that the Arbitrators are to determine both entitlement to an award under Section 713.29 in terms of “prevailing party” as well as the quantum, if any, of an award.
After an evidentiary proceeding, the arbitration panel determined that Baylor was entitled to recover $139,498.00 from ACI and Continental on certain change order claims and an additional $213,762.29 against ACI for delay damages. The damages awarded Baylor were for far less than the amount of its claim. Prior to the arbitration panel addressing the attorneys’ fees issue, Baylor submitted a memorandum of law seeking attorney’s fees not only under sections 713.29, but also pursuant to sections 627.756 and 627.428.
After declining to award attorney’s fees under section 713.29, the arbitrators concluded that they were not authorized to address Baylor’s claim for fees under sections 627.756 and 627.428:
The Panel, having reviewed the sub-mittals of the parties on the issue of who may be the prevailing party for purposes of awarding attorneys’ fees and costs, does hereby decide and determine that there is no prevailing party in this action. This determination is limited to a determination of prevailing party under the provisions of Sec. 713.29, Fla. Stat., it being the view of the Panel that the agreement of the parties limits the jurisdiction of the Panel to claims for attorneys’ fees under Sec. 713.29. Therefore, no determination has been made as to who may be the prevailing party or whether there is any right to attorneys’ fees under Secs. 627.428 and 627.756, Fla. Stat.
Baylor then filed a motion with the circuit court to recover attorney’s fees under sections 627.756 and 627.428. In its motion, Baylor did not challenge the arbitration panel’s denial of its claim for fees under section 713.29, but rather argued that sections 627.756 and 627.428 provided an “alternative basis” to award fees. The *940 trial court erred in accepting this argument because these statutes apply conflicting standards in determining entitlement to fees with section 713.29 being the controlling statute.
Section 713.29 is directed exclusively to actions brought to enforce a lien or to enforce a claim against a bond brought under chapter 713. It specifically provides that the determination of entitlement to attorney’s fees is to be based on the “prevailing party” standard:
Attorney’s fees.—
In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party’s costs, as allowed in equitable actions.
§ 713.29, Fla. Stat. Under this statute, the party who has prevailed on the “significant issues” is the party entitled to an attorney’s fee award. Trytek v. Gale Indus., Inc., 3 So.3d 1194 (Fla.2009). When there is a determination that neither side prevailed, the tribunal may decline to award fees even where there is a judgment entered in favor of one party. Id. at 1203.
By contrast, sections 627.756 and 627.428 apply generally to actions brought against an insurance company or a bonding company:
§ 627.756
(1) Section 627.428 applies to suits brought by owners, subcontractors, laborers, and materialmen against a surety insurer under payment or performance bonds written by the insurer under the laws of the state to indemnify against pecuniary loss by breach of a building or construction contract. Owners, subcontractors, laborers, and mate-rialmen shall be deemed to be insureds or beneficiaries for the purposes of this section.
§ 627.428
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.
Under these sections, the claimant is not required to be the prevailing party on the significant issues in order to recover attorney’s fees, but need only obtain a judgment — no matter how minimal the amount of damages awarded. See Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994) (holding that “prevailing on significant issues” test does not apply to award of attorney’s fees under sections 627.756 and 627.428).
The conflict between these statutes is apparent when one considers the hypothetical situation where a claimant obtains a judgment against a bonding company in an action brought on a section 713.23 bond, but the bonding company is found to be the prevailing party on the significant issues. Under this scenario, the claimant, not the bonding company, would be entitled to attorney’s fees if sections 627.756 and 627.428 governed, while the opposite outcome would occur if section 713.29 controlled. Thus, the primary issue that must be resolved in the instant case is which statutory provision controls.
Statutory interpretation is a question of law subject to de novo review. Murray v. *941 Mariner Health, 994 So.2d 1051,1056 (Fla.2008). A well-established rule of statutory construction is that where two statutory provisions are in conflict, the specific provision controls. Id. at 1061 (“A rule of statutory construction which is relevant ... is that where two statutory provisions are in conflict, the specific provision controls the general provision”)
Here it is undisputed that Baylor’s action against Continental was a claim to enforce a section 713.23 bond. Given that section 713.29 applies solely to actions brought to enforce a lien or to enforce a claim against a bond under chapter 713, we conclude that it is the controlling statute in this case. (By contrast, sections 627.756 and 627.428 would appear to control if the payment bond was a common law bond).
Although not necessary to our disposition in this case, it further appears that prior to the arbitration proceedings, both parties properly recognized that section 713.29 was the controlling statutory provision; hence, the stipulation that the arbitration panel would determine the issue of attorney’s fees “under application of FI. St. Section 713.29.”[2]
The trial court should have denied Baylor’s motion for attorney’s fees.
REVERSED and REMANDED.
LEVIN, S.J., Associate Judge, and HARRIS, C.M., Senior Judge, concur.

. The statute sets forth the language that must be contained in a payment bond in order for the bond to qualify as a section 713.23 payment bond. Here, the parties stipulated that the bond in question was a 713.23 payment bond.

. Prior to a 1992 statutory amendment, section 713.29 applied only to actions "brought to enforce a lien” under chapter 713. As a result, sections 627.756 and 627.428 were found to govern attorney’s fees awards in actions to enforce a chapter 713 bond. See, e.g., Julian E. Johnson & Sons, Inc. v. Balboa Ins. Co., 408 So.2d 1044, 1046 (Fla.1982) ("Clearly, if the legislature had intended to include the award of attorney’s fees for the recovery on construction bonds in section 713.29, it could have done so_”). In 1992, section 713.29 was amended to extend its application to actions brought "to enforce a claim against a bond under this part.”