WOLF, J.,
Concurring in part and Dissenting in part.
I reluctantly agree to reverse because I can find no precedent which would allow us to affirm a miscalculation of the compensation rate simply because the amount involved is de minimis. I would, however, exercise our discretion and award Claimant attorney’s fees for defending this appeal pursuant to section 440.34(5), Florida Statutes (2007), because it is my belief that this appeal should not have been taken for the reasons stated within this opinion.
The crux of this appeal is an alleged miscalculation of the compensation rate. The disputed amount at most is 3<t per week. Claimant states in her brief that the total maximum difference in total benefits that would be paid out is insignificant. The Employer does not dispute this amount but asserts that “without requiring the Employer to pay the Claimant an attorney’s fee and costs [for benefits obtained in front of the JCC], it is unlikely this appeal would have resulted.”[1]
The Employer, however, does not specifically argue that the JCC erred in granting *1245 an attorneys fee based on the insignificant amount involved in this case, nor is there an argument presented that the amount of fees awarded below was excessive based on benefits obtained. In fact, it is not clear that the amount of fees had even been determined at the time this appeal was taken.
It is also unclear to me that the potential size of the trial attorney’s fees in this case justifies an appeal.
The injury in this case took place prior to July 1, 2009; thus, in determining the appropriate trial fee to be awarded, the court would be governed by the test of reasonableness and the factors enumerated in Lee Engineering & Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968), as codified in section 440.34(1), Florida Statutes (1977). See Murray v. Mariner Health, 994 So.2d 1051 (Fla.2008). Two very important factors in this calculation are: (1) the amount involved in the controversy and the benefits resulting to Claimant, and (2) the time and labor required in relation to the controversy at issue. In the instant case, both factors would be minimal. As previously noted, the amount in controversy below was insignificant. The issue in dispute was simple and involved presentation to the JCC of a mathematical calculation formula — hardly a time-consuming effort. If more than a small fee is awarded to Claimant for her attorney’s work before the JCC, the Employer may have an issue worthy of appeal. At the present time, there is no significant dispute justifying the time and expense of this appeal. I would thus award Claimant an appellate attorney’s fee.

. Another arguable reason for taking this appeal is the effect of the JCC’s decision as to the systematic extra benefits which would have to be paid rather than just the amount involved in this case. I reject this as a reason not to grant Claimant appellate fees for a *1245 number of reasons: (1) the Employer did not raise the issue; (2) there is nothing in the record or the briefs to support the idea that the extra systematic costs would be significant; and (3) the JCC’s decision had no prec-edential value.