POLSTON, J.,
dissenting.
There is no conclusive presumption. The majority has rewritten the statute to avoid the standard governing facial challenges. I respectfully dissent.
In 2008, this Court issued an opinion interpreting the attorney’s fees provision of Florida’s workers’ compensation law as amended in 2003 to include a reasonableness requirement. See Murray v. Mariner Health, 994 So.2d 1051 (Fla.2008) (interpreting section 440.34, Florida Statutes (2003)). This Court in Murray determined that the plain language of the statute was ambiguous regarding reasonableness because subsection (1) did not include the term reasonable when providing for a mandatory fee schedule but subsection (3) did employ the term. Id. at 1061. Such ambiguity necessitated a judicial interpretation utilizing the rules of statutory construction. Id. In response to this Court’s decision in Murray, the Legislature amended the statute to eliminate any ambiguity, which the Legislature is constitutionally authorized to do. Specifically, in 2009, the Legislature eliminated all references to reasonableness, rendering moot this Court’s 2008 interpretation of the provision as including a reasonableness re *454 quirement. See ch.20Q9-94, § 1, Laws of Fla. However, with.today’s decision, the majority reinstates' its prior 2008 holding by turning facial constitutional review completely on its head and'rewriting the 2009 statute.
To be clear, I am not saying that - a constitutional challenge to section 440.34, Florida Statutes (2009), could never succeed. In fact, I would not foreclose the possibility of a successful as-applied constitutional challenge to the .attorney’s fees provision based upon access to courts, depending upon the particular facts of the case involved, However, as acknowledged during oral argument, the petitioner did not raise any as-applied challenge to the statute. in this Court, even given what would certainly seem to be the rather egregious, facts- of his case, . Instead, the petitioner raised a facial challenge -that lacks any merit under our precedent.
In..a facial challenge, this Court has emphasized that “our review is limited.” Abdool v. Bondi, 141 So.3d 529, 538 (Fla. 2014). Specifically, “we consider only the text.of the statute,” Id, “For a statute to be held facially unconstitutional, the challenger must demonstrate that- no set of circumstances exists in which the statute can be constitutionally applied.” Id.; see also Cashatt v. State, 873, So.2d 430, 434 (Fla. 1st DCA 2004) (“A facial challenge to a statute is -more difficult than an ‘as applied’ challenge, because the challenger must establish that no set of circumstances exists under which. the, statute would be valid.”); cf. Accelerated Benefits Corp. v. Dep’t of Ins., 813 So.2d 117, 120 (Fla. 1st DCA 2002) (“In considering an ‘as applied’ challenge, the court is to consider the facts of the case at hand.”),. . Moreover, “when we review the constitutionality of a statute, .we accord-legislative acts a presumption of constitutionality- and construe the chair lenged legislation to effect a constitutional outcome when possible.” Abdool, 141 So.3d at 538 (citing Fla. Dep’t of Revenue v. Howard, 916 So.2d 640, 642 (Fla.2005)). “As a result, [an] Act will not be invalidated as facially unconstitutional simply because it could operate unconstitutionally under some [ ] circumstances.” Id. .
Applying this well-established precedent, the facial challenge at issue here fails, even assuming that adequate and reasonable attorney’s fees are constitutionally required. There are some workers’ compensation - cases where “the amount of benefits is substantial, but the legal issues are simple and direct, and do not require exceptional ■ skill, knowledge, and experience,” Murray, 994 So.2d at 1057 n. 4. In these high pay-off, low-effort cases,.the statutory fee schedule could provide reasonable compensation for a. prevailing claimant’s attorney. After all, section 440.34(1), Florida Statutes (2009), provides that the -attorney’s fee must equal 20 percent of the first $5,000 in benefits, 15 percent of the. next $5,000, 10 percent of the remaining during the first 10 years of the claim, and 5 percent after 10 years. Therefore, because there are a set of circumstances-. under, which the attorney’s fees provision could be constitutionally applied, the provision is facially constitutional under our precedent. See Fla. Dep’t of Revenue v. City of Gainesville, 918 So.2d 250, 265 (Fla.2005).(“[I]n a facial constitutional challenge, we determine only whether there is any set of circumstances under which the challenged enactment might be upheld.”).
The majority reaches a contrary holding, not by applying our precedent regarding facial challenges, but by ignoring it altogether and never even citing the well-established standard'. The majority just declares that the attorney’s fees provision in Florida’s workers’ compensation law includes an irrebuttable presumption of rea *455 sonableness, and then it holds that this presumption is a violation of procedural due process under both the United States and Florida constitutions. But the 2009 provision does not mention reasonableness at all and, therefore, does not include any such presumption, irrebuttable or otherwise. Cf. Recchi America Inc. v. Hall, 692 So.2d 153 (Fla.1997) (declaring an irrebuttable presumption invalid as a violation of due process where the statute plainly and expressly included a presumption that an accident was primarily caused by the worker’s intoxication if that worker’s urine test revealed the presence of alcohol or drugs). Section 440.34 as plainly written prescribes a mandatory schedule for prevailing party attorney’s fees. It never states that those attorney’s fees have to be or should be considered reasonable. In fact, it was specifically amended post-Murray to eliminate , the term reasonable, which eliminates the ability of this Court to say that the statute includes anything about reasonableness. And because the statute does not include any presumption of reasonableness (let alone a conclusive presumption), the majority’s analysis of the constitutionality of that non-existent presumption is erroneous.
The majority’s decision turns . .this Court’s well-established precedent regarding facial challenges on its head and accomplishes by the backdoor what it could not do by the front door. The majority is really deciding that reasonable attorney’s fees are constitutionally required. But by rewriting the 2009 statute to include a conclusive presumption, the majority avoids the fact that the state and federal due process clauses do not require Florida’s workers’ compensation scheme to include reasonable prevailing party attorney’s fees. The majority also invalidates a statute that might sometimes, but not all the time, -be applied.in a manner that denies reasonable attorney’s fees. However, this Court’s precedent regarding facial challenges requires that such a statute be upheld.- See State v. Ecker, 311 So.2d 104, 110 (Fla.1975) (“While the statute might be unconstitutionally applied in certain situations, this is no ground for finding the statute itself [facially] unconstitutional.”).
Accordingly, I respectfully dissent.